## J. B. RYBERG *et al. vs.* JOHN GOODNOW.

Submitted on briefs Oct. 23, 1894. Affirmed Dec. 13, 1894.

No. 8432.

**A complaint with contract annexed as part, construed.**

> *Held*, in an action brought to recover damages for an alleged breach of contract, that a cause of action was stated in the complaint.

Appeal by defendant, John Goodnow, from an order of the District Court of Hennepin County, *Seagrave Smith*, J., made December 23, 1893, overruling his demurrer to the complaint.

*T. E. Byrnes*, for appellants.

*Child & Fryberger*, for respondent.

COLLINS, J. This appeal is from an order overruling a general demurrer to a complaint in an action brought to recover damages for an alleged breach of contract said to have been entered into November 19, 1892, between plaintiffs and defendant, whereby the latter agreed to deliver, and plaintiffs to receive and dispose of, certain dead animals and garbage, a copy of the contract being made a part of the complaint.

It is evident from an examination of this copy that for what period of time defendant was to deliver or plaintiffs were to receive said articles was not expressly stated in the writing. If fixed at all, it was only by reason of certain references to other contracts, one said to have been made between defendant Goodnow and W. J. Preston and other persons, and another between the last-named parties and the city of St. Paul, which references were somewhat general. To aid these evident defects it was alleged in the complaint that the contract between this defendant and Preston and his associates was one whereby, for a valuable consideration, to be paid by the former, the latter promised to deliver to him all the dead animals and garbage received from the city of St. Paul, to be disposed of by said Preston and others under a contract between them and said city for the period of two years from November 1, 1892: and also that the contract between said Preston and others with said city was one whereby the former, for a valuable consideration, to be paid by the

city, promised to dispose of all the dead animals and garbage to be disposed of by said city for the same period of two years. There were also allegations as to defendant's receiving animals and garbage from Preston and his associates in accordance with the terms of the other contracts just referred to, and that from the time of the making of the contract in question up to July 14, 1893, he had delivered the same to plaintiffs, and thereafter had positively refused so to do.

The sufficiency of these and other essential averments seems to be admitted, so that the real inquiry is whether, taking the contract between the parties to the action in connection with the allegations as to the period of time the other contracts were to be in force, it appears that defendant agreed to deliver and plaintiffs stipulated to receive the articles in question for any definite period of time. If it does not so appear, the demurrer should have been sustained, for under such circumstances neither party could insist on performance. The contract could be terminated at will. It would be in force as long as both parties chose to acquiesce and abide by its terms, but no longer.

The contract between these parties was not well drawn, and its references to other contracts not very specific, but enough is stated therein to identify and adopt the same, and thereby to fix the period during which defendant was to deliver and plaintiffs were to receive as the same as that fixed by the contracts between defendant and Preston and others and between the latter and the city; and, although the allegations of the complaint bearing upon those contracts are not models, we are of the opinion that it appeared therefrom that each of these contracts was to continue and be in force for two years commencing November 1, 1892. The references in the contract between these parties to those on which it seems to have been founded being sufficient, and from subsequent allegations it appearing the latter were definite and certain as to duration, a cause of action for damages arising out of an alleged breach was stated.

The parties seem to agree that as to the hogs to be furnished they were to be copartners, but no determination of that question is necessary in disposing of this appeal. Order affirmed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 61 N. W. 455.)