M. FRANKOVIZ *vs.* HAROLD G. SMITH, impleaded, etc.

May 28, 1886.

Application for Relief from Default—Discretion of Court.—Applications to be allowed to answer in an action, after default, are largely addressed to the discretion of the district court, and this court will not interfere unless there has been a palpable abuse of discretion.

Same—Service of Summons by Publication—Diligence—Want of Notice.—Where a non-resident defendant, upon whom there was no personal service of the summons, applies under Gen. St. 1878, c. 66, § 66, within a year after judgment, for leave to file and serve an answer, there is no presumption against him of want of proper diligence, and hence he is not required affirmatively to show that he did not have actual notice of the action in time to interpose his defence before judgment.

Same—Affidavit of Merits.—An affidavit of merits may be made by the attorney if he have personal knowledge of the facts.

Appeal by plaintiff from an order of the district court for Otter Tail county, *Baxter, J.*, presiding, vacating and setting aside a judgment entered upon default. The decision on a former appeal in this action is reported in 34 Minn. 403.

*Charles L. Lewis*, for appellant.

*Rawson & Houpt* and *Parsons & Brown*, for respondent.

MITCHELL, J. Appeal from an order made pursuant to Gen. St. 1878, *c.* 66, § 66, allowing the defendant (a non-resident, upon whom there had been no personal service) to serve and file an answer after judgment. The plaintiff claims that the court erred in granting the order, for the reasons (1) that the proposed answer does not constitute a meritorious defence; (2) that there was no sufficient affidavit of merits; (3) that defendant did not show due diligence.

Such applications are addressed largely to the discretion of the court, and nothing but a palpable abuse of discretion in granting such an application would justify us in interfering with the action of the court below. *Washburn* v. *Sharpe*, 15 Minn. 43, (63.) Where a judgment has been taken by default against a non-resident, upon whom there was no personal service of the summons, courts ought to be liberal in granting leave to answer. The proposed answer on its face contains at least one good defence, and another partial defence. The objection to the affidavit of merits is that it was made by the attorney, and not by defendant himself. Such affidavits should be made by a person having personal knowledge of the facts, and hence usually by the party to the action. But if, for any cause, the facts are within the personal knowledge of the attorney, there is no reason why he may not make the affidavit. See *Washburn* v. *Sharpe, supra.* In this case the attorney makes the affidavit, not upon information and belief, but positively, and hence we must assume upon personal knowledge of the facts.

When an application of this kind is made within a year from the rendition of the judgment, by a non-resident upon whom there was no personal service, there is no presumption against him of lack of due diligence in interposing his defence, as in a case where he was personally served. Hence he is not required, at least in the first instance, to show that he had not actual notice of the action in sea-

son to interpose his defence within the ordinary time. The distinction, in this respect, between applications under section 66, and those under section 125, of chapter 66, Gen. St. 1878, is clearly made in *Washburn* v. *Sharpe, supra.* In this case the judgment was entered February 3, 1885. As soon as defendant ascertained that fact, he made a motion to set it aside as void. The district court granted his motion, June 27, 1885, but this order was reversed by this court, January 11, 1886. *Frankoviz* v. *Smith,* 34 Minn. 403, (26 N. W. Rep. 225.) Almost immediately thereafter (January 30th) defendant, upon affidavit and his proposed answer, applied to the district court for leave to defend on the merits. We fail to discover in this any particular lack of diligence,—none, certainly, that would warrant us in saying that the court below was guilty of any abuse of discretion in granting defendant's application.

Order affirmed.