WILLIAM J. CUTLER *vs.* HENRY P. BUTTON *et al.*

Argued Nov. 29, 1892. Decided Dec. 16, 1892.

**Laches in Applying for Leave to Defend.**

Unexcused laches in making an application under 1878 G. S. ch. 66, § 66, for leave to defend an action after judgment, will justify the court in refusing the same, though such application be made within one year after judgment.

Appeal by defendants, Henry P. Button and twenty-five others, from an order of the District Court of Ramsey County, *Kerr,* J., made April 28, 1892, denying their application to open a judgment entered against them January 6, 1891, and allow them to answer.

The plaintiff, William J. Cutler, commenced this action July 31, 1888, against Henry P. Button and all other persons or parties unknown, claiming any right, title, estate, lien or interest in a lot fronting on Seventh street in St. Paul. The summons and a notice of *lis pendens* were served by publication. The object of the action was to determine the adverse claims of the defendants to the lot and to establish and quiet plaintiff's title.

Laura Victoria Stoddard appeared and answered that one Martha C. Sargent owned the lot, and died intestate in 1857, and that she was one of her heirs, and inherited an undivided seventh of the lot, and asked that she be given possession. Plaintiff replied that he, his grantors and predecessors, had been for more than twenty years in the peaceable, adverse possession of the lot. All others made default. A trial was had, and the answering defendant had judgment that she owned, and that she recover possession of, one undivided seventh of the property. The plaintiff paid the costs and demanded a second trial under the statute. He then compromised with Mrs. Stoddard and she withdrew her defense, and plaintiff had judgment January 6, 1891, as prayed in his complaint.

These defendants, on December 28, 1891, gave notice of a motion to be heard January 30, 1892, to set aside the judgment and for leave to defend, claiming to be also heirs of Mrs. Sargent. The motion was based on the records and files in the action and affidavits and

proposed answers. The trial court denied the application on the ground of unexcused delay in making the motion, and they appeal.

*Hunt & Morrill,* for appellants.

Under 1878 G. S. ch. 66, § 66 and ch. 75, § 8, the applicants had an absolute right to have the judgment set aside and to interpose their defense. They applied to the court within the year after the entry of judgment. Their respective proposed answers sufficiently showed cause. *Frankoviz* v. *Smith,* 35 Minn. 278; *Boeing* v. *McKinley,* 44 Minn. 392; *Waite* v. *Coaracy,* 45 Minn. 159; *Bausman* v. *Tilley,* 46 Minn. 66.

The date of the service of the moving papers is the date of the application, not the time of the hearing by the court, or the time set for hearing. *Washburn* v. *Sharpe,* 15 Minn. 63.

The answers are sufficient cause shown, if they set forth upon their face a *prima facie* defense. *Lord* v. *Hawkins,* 39 Minn. 73; *Lathrop* v. *O'Brien,* 47 Minn. 428.

*Henry J. Horn,* for respondent.

VANDERBURGH, J. This was an application made on behalf of certain of the defendants, appellants here, to set aside the judgment in this case, and for leave to answer.

The action was to quiet the title to certain premises in the city of St. Paul, and judgment was entered thereon in favor of the plaintiff January 6, 1891. Notice of a motion for the relief mentioned was served on Henry J. Horn, Esq., the plaintiff's attorney, on the 31st day of December, 1891, to be brought on and heard before the court on the 30th day of January, 1892. At that time the motion was heard, and denied on the ground of the laches of the defendants, and delay in making the application.

In respect to this decision of the trial judge it is sufficient to say that, if the record discloses sufficient evidence to warrant the reasonable exercise of the judicial discretion of the court thereon, this court will not interfere with its judgment and determination in the premises. The court finds, upon the evidence before it, that all the moving parties had notice sufficient to put them upon inquiry in

respect to the suit then pending as early as the summer of 1890, and we do not understand that this is disputed by the defendants' counsel. Besides, he admits that two of the defendants were witnesses upon the trial of the action in 1890, and the others knew of the judgment soon after it was entered. As no good excuse or reason appears for the delay in making the application, they were guilty of unexcused laches in making the motion, whether the.application be deemed as made under 1878 G. S. ch. 66, § 66, or under 1878 G. .S. ch. 66, § 125.

It was not an abuse of discretion in either case for the court to refuse the application, upon the evidence before it.

When it appeared that the defendants had notice of the suit, and delayed their application for many months, it then became proper for the court to inquire and decide upon the question and effect of their laches, and determine the question of their good faith and diligence in making the application, even if treated as made under section 66. This practice is clearly indicated and sanctioned by the former decisions of this court. *Lord* v. *Hawkins,* 39 Minn. 76, (38 N. W. Rep. 689;) *Bausman* v. *Tilley,* 46 Minn. 67, (48 N. W. Rep. 459.)

Order affirmed.

(Opinion published 53 N. W. Rep. 872.)