L. ROBERT MUELLER *vs*. THOMAS M. McCULLOCH.

Argued Nov. 16, 1894.   Reversed Dec. 13, 1894.

No. 9120.

**Diligence necessary to relief from default in answering.**

> An application to open a judgment and for leave to answer, made under the provisions of 1878, G. S. ch. 66, § 66, ought not to be granted when the presumption that the party in default has been diligent after receiving notice of the pendency of the action is expressly and conclusively rebutted.

Appeal by plaintiff, L. Robert Mueller, from an order of the District Court of Hennepin County, *Charles B. Elliott*, J., made March 5, 1894, opening a judgment and allowing the defendant to answer.

On November 8, 1893, plaintiff commenced this action under 1878, G. S. ch. 75, § 2 and Laws Ex. Sess. 1881, ch. 81, to determine the adverse claims of defendant, Thomas M. McCulloch, to vacant lot twenty seven (27) in block two (2) Elwell's addition to Minneapolis and to determine the rights of all other persons "claiming any right, title, estate, lien or interest in the real estate." The sheriff that day made return that defendant McCulloch could not be found in his county and plaintiff made and filed an affidavit that McCulloch resided at Abilene, Kansas, and that he had mailed postpaid to him there a copy of the summons and complaint. The summons was served by publishing it and a notice of *lis pendens* for six weeks from November 11, 1893. Plaintiff made affidavit January 15, 1894, that no adverse appearance had been made or answer served, and submitted to the court at special term proof of his title and of the truth of the allegations in his complaint and obtained findings and an order for judgment establishing and quieting his title to the lot. Judgment was entered thereon January 20, 1894, that plaintiff is owner in fee of the lot and that defendant has no right or title to, or estate or interest in, or lien upon, the lot or upon any part or portion of it.

On February 16, 1894, defendant McCulloch served a copy of an affidavit and of his proposed answer and gave notice that he would on February 24, 1894, apply to the court to vacate the judgment and allow him to file and serve the answer. The affidavit stated that defendant had no notice or knowledge of the entry of judgment

until February 1, 1894. It contained the usual affidavit of merits. but stated no mistake, inadvertence, surprise or excusable neglect causing his default or his delay in moving to open it. The answer admitted the lot to be vacant and alleged that defendant owned it in fee simple and contained a general denial of the allegations of the complaint.

Plaintiff opposed the motion by affidavit showing that he sent to defendant at Abilene, Kansas, by registered letter, a copy of the summons and complaint in the action and that defendant on November 11, 1893, personally receipted to the postmaster at that place for the letter and that soon after one H. R. McGregor negotiated with plaintiff, stating he did so on behalf of defendant, to purchase plaintiff's right and title to the lot. On March 5, 1894, the court granted defendant's motion and plaintiff appeals.

*Savage & Purdy,* for appellant.

Whenever 1878 G. S. ch. 66, § 66, has been considered the question of diligence has been recognized as an essential prerequisite. *Lord* v. *Hawkins,* 39 Minn. 73; *Nye* v. *Swan,* 42 Minn. 243; *Bausman* v. *Tilley,* 46 Minn. 66; *Boeing* v. *McKinley,* 44 Minn. 392; *Cutler* v. *Button,* 51 Minn. 550; *Carlson* v. *Phinney,* 56 Minn. 476; *Albright* v. *Warkentin,* 31 Kan. 442; *Snow* v. *Hawpe,* 22 Tex. 168; *Adams* v. *Hickman,* 43 Mo. 168.

It is a universal rule in all cases of opening judgments by default that the applicant should give some reason for the default and should excuse any seeming laches. *Gerish* v. *Johnson,* 5 Minn. 23; *Groh* v. *Bassett,* 7 Minn. 325; *Altmann* v. *Gabriel,* 28 Minn. 132; *McKinstry* v. *Edwards,* 2 John. Cas. 113; *Johnson* v. *Clark,* 6 Wend. 517; *Hitchcock* v. *Herzer,* 90 Ill. 543; *Green* v. *Goodloe,* 7 Mo. 25; *Churchill* v. *Brooklyn Life Ins. Co.,* 88 N. C. 205.

There is not the slightest excuse or reason furnished for allowing this case to go to judgment by default. He did not then choose to defend and now for reasons best known to him and his counsel he does not choose to tell the court why he then chose to suffer default. Under these circumstances there was no case made by the defendant on which the court below could legally act. *Milwaukee Mut. L. & B. Soc.* v. *Jagodzinski,* 84 Wis. 35; *People* v. *Supreme Court,* 5 Wend.

114; *Wieland* v. *Shillock*, 24 Minn. 345; *Stickney* v. *Jordain*, 50 Minn. 258; *Frear* v. *Heichert*, 34 Minn. 96; *Weymouth* v. *Gregg*, 40 Minn. 45.

*Little & Nunn*, for respondent.

The first term of court after the service of the summons at which the cause could have been heard if an answer had been served before default, commenced April 3, 1894. The order opening the judgment and allowing a defense was filed March 6, 1894, so that the case was triable at the first term after the action had been commenced, and a trial on the merits could be had at as early a date as it could, had no default been made. This in itself is a complete answer to the claim of laches which is nothing more than a question of unnecessary or prejudicial delay.

The affidavit for publication does not state that defendant resided at Abilene, Kansas, and in addition to this the letter containing the summons was registered. We contend that a statutory service of a paper by mail cannot be made by registered letter. To make the statutory service by mail of a paper, it must be deposited in the postoffice so as to be forwarded to the party and delivered to him unconditionally upon calling for the same.

There is no certificate of the Judge or other evidence in the record to indicate that plaintiff's opposing affidavit was read on the hearing, or that this Mueller affidavit was ever before the court or that other affidavits were not read and considered by the court. For this reason we submit this court should not review the order of the lower court.

To reverse the lower court it must be held that as a matter of law, thirty four days is an unreasonable time for a nonresident to wait, and although defendant shows good cause and a valid defense to the action, yet the lower court has abused its discretion in permitting him to defend.

It is said by this court in *Frankoviz* v. *Smith*, 35 Minn. 278, that in cases of this kind "courts ought to be liberal in granting leave to answer." Where the application is made within a year there is no presumption against him of want of diligence and he is not required affirmatively to show that he did not have actual notice of the action in time to interpose a defense.

COLLINS, J.   Appeal by plaintiff in an action brought to deter
mine an adverse claim to real property from an order vacating a judg-
ment in his favor, and allowing the defendant to answer and defend.
The latter was a resident of Kansas, and service of the summons was
made by publication, the last publication being December 16, 1893.
An order for judgment on default of answer was made and a judg-
ment duly entered January 20, 1894.   On February 16th defendant
gave notice of a motion to vacate and set aside the judgment, and
for leave to file an answer, on the sole grounds that the summons
had been served by publication, and that he had a good and substan-
tial defense on the merits.

From the files in the case and the affidavits used on the hearing
of the motion it appeared that on the 8th of November, 1893, copies
of the summons and complaint were mailed to defendant, postage
prepaid, at his place of residence in the state of Kansas, and it was
conclusively established that these copies were personally received
by him at such place on the 11th day of November.   It was thus
shown that seventy days intervened between that on which defend-
ant had personal knowledge of the pendency of the action and that
on which judgment was entered.   And it was also shown that for
more than three months after receiving said copies defendant re-
mained passive in the matter.   He did nothing at all towards guard-
ing his interests and protecting his property rights until the 16th of
February, when this motion was made, as before stated.

The only attempted excuse or justification for the apparent delay
is that he had no notice of any entry of judgment until February 1st.
This, under the circumstances, was insufficient to warrant the court
below in making the order appealed from.   Although an applica-
tion of this character, made under the provisions of 1878 G. S. ch.
66, § 66, is largely addressed to the discretion of the court, it ought
not to be favorably considered when the presumption that the party
in default has been diligent after receiving notice of the pendency
of the action is expressly and conclusively rebutted, as it was in this
instance.

Order reversed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 61 N. W. 455.)