D. L. BOGART v. HENRY KIENE.[1]

January 17, 1902.

Nos. 12,820—(157).

### Attachment against Nonresident—Notice—Opening Judgment.

In an action against a nonresident of the state to recover damages for the breach of a contract for the sale of real property, an attachment was duly issued and levied upon the property of defendant in this state, and the summons was served upon him by publication. A copy of the summons was mailed to defendant, and received by him in due course of mail. He had actual notice and knowledge of the pendency of the action, but took no steps to interpose an answer, or otherwise protect his rights, until after the entry of the judgement against him, some four months subsequent to the commencement of the action. *Held*, that his application to open the judgment and for leave to defend, made under G. S. 1894, § 5206, was properly denied. Defendant lost his right to be permitted to come in and defend as a matter of right by his failure, with full knowledge of the pendency of the action, to interpose an answer in proper time. If he had any excuse for failing to answer, his application should have been addressed to the discretion of the court, under section 5267, presented with affidavits excusing his default.

### Filing—What Constitutes.

Depositing a paper for filing with the proper officer at his office constitutes a filing thereof, and the indorsement thereon by the officer of such filing is but evidence of the fact. Affidavit for the publication of the summons in this action *held* properly filed.

Appeal by defendant from an order of the district court for Freeborn county, Kingsley, J., denying defendant's motion to vacate a judgment, theretofore entered in the action by default, and for permission to interpose an answer. Affirmed.

*J. Van Valkenburg*, for appellant.

*Shepherd & Catherwood*, for respondent.

BROWN, J.

This action was brought to recover damages for the breach of a contract to convey certain real estate. Defendant is a nonresident of the state, and the summons was served by publication, a copy

[1] Reported in 88 N. W. 748.

thereof having been duly mailed to him at his place of residence in the state of Iowa. At the time of the commencement of the action plaintiff caused a writ of attachment to be issued, under which certain real property situated in Freeborn county, and owned by defendant, was attached and levied upon. The action was commenced December 7, 1900, and judgment was duly entered against defendant April 25, 1901, on default, he having failed to appear and answer. Thereafter, and on May 29, 1901, defendant moved the court below to set aside the judgment and for leave to answer and defend in the action. The motion was denied, and defendant appealed.

The motion was made under the provisions of G. S. 1894, § 5206, and defendant insists that he was entitled to the relief asked for as a matter of right, and that the court erred in denying his motion. There is no question, under the decisions of this court, that an application for leave to defend, where default judgment has been entered on service of the summons by publication, is not addressed to the discretion of the court; but the relief is granted as a matter of right where the application is seasonably made. If defendant makes a proper motion to set aside the judgment, is not guilty of laches in doing so, and presents an answer setting forth a good defense to the action, the judgment is set aside, and defendant let in to defend, as a matter of right, and not of discretion; but, if he be guilty of laches and unnecessary delay in making his application, he loses his absolute right to be relieved from his default, and can be relieved only by excusing the default, and addressing his application to the discretion of the court under section 5267. Lord v. Hawkins, 39 Minn. 73, 38 N. W. 689; Boeing v. McKinley, 44 Minn. 392, 46 N. W. 766; Nye v. Swan, 42 Minn. 243, 44 N. W. 9; Bausman v. Tilley, 46 Minn. 66, 48 N. W. 459; Fifield v. Norton, 79 Minn. 264, 82 N. W. 581.

The only question in this case is whether defendant lost his right to have the judgment set aside by his failure and neglect to interpose an answer within the proper time. The case is very similar to Mueller v. McCulloch, 59 Minn. 409, 61 N. W. 455. In that case, as in the case at bar, a copy of the summons was duly and regularly mailed to defendant at his place of residence outside

the state, and was received by him in due time. He was thus informed of the pendency of the action, but took no steps whatever to interpose a defense, or otherwise protect his rights, until after judgment had been entered against him. It was held in the Mueller case that such neglect forfeited defendant's right to be let in to defend the action as a matter of right.

It is practically undisputed in the case at bar that defendant received the copy of the summons mailed to him. He admitted to one of plaintiff's attorneys that he knew of the pendency of the action, and had received the summons, but he paid no attention to the matter, because, as said by him to the attorney, he was of opinion that the proceedings against him would amount to nothing. Defendant does not deny the affidavits offered by plaintiff at the time of the hearing of the motion tending to show those facts. The excuse offered by his counsel for not offering rebutting affidavits is not found in the record, and cannot be considered. He made no application to the court below for leave to file rebutting affidavits, nor asked for an extension of time for that purpose. He rested his motion upon the naked statement in the affidavit of his client that he knew nothing of the pendency of the action until after the entry of the judgment. The court below concluded that this statement was not true, and its determination of that question cannot be disturbed.

There is no merit in the suggestion, made for the first time in this court, that the affidavit for the publication of the summons was not filed in the clerk's office before the summons was published, and that, in consequence, the judgment is void for want of jurisdiction. The affidavit is attached to the judgment roll, and became a part thereof, and the presumption must be that it was filed at the proper time. Herrick v. Butler, 30 Minn. 156, 14 N. W. 794; Nye v. Swan, supra. In Barber v. Morris, 37 Minn. 194, 33 N. W. 559, it affirmatively appeared that the affidavit was not filed until the date of the entry of the judgment. The official indorsement thereof does not constitute the filing of a paper in a public office. Depositing the paper with the officer with whom it is to be filed, at his office, constitutes the filing, and the indorse-

ment thereof is but evidence of the fact; and the failure to make the indorsement at all does not change or alter the fact of filing.

The case is controlled by the decision in Mueller v. McCulloch, supra, and the order appealed from is affirmed.