(55 Misc. Rep. 374)

### LOWENTHAL v. HODGE.

(Supreme Court, Special Term, New York County. July 22, 1907.)

JUDGMENT—OPENING DEFAULT—RIGHT TO RELIEF.

> Code Civ. Proc. § 445, provides that a person seeking to have a judgment by default vacated thereunder must show sufficient cause. A defendant in attachment appeared specially to move to vacate the levy, which motion was denied. No appeal was taken, and he suffered a default to compel plaintiff to bring suit in another jurisdiction. Afterwards he obtained an order to show cause why his default should not be opened, and on the same day authorized the sheriff to pay the judgment, out of funds deposited with him, whenever the plaintiff should issue execution. Held, that the motion to open the default was properly denied for want of sufficient cause.

Action by Adolph S. Lowenthal against Charles J. Hodge. Defendant's motion to open default denied. Plaintiff's motion to be relieved from stipulation granted.

See 105 N. Y. Supp. 121.

William P. Maloney, for plaintiff.

Armstrong, Brown & Boland, for defendant.

DAYTON, J. This action to recover $50,000, alleged to be due plaintiff for services performed in securing for defendant a purchaser for the Lost Chance mine, was commenced February 16, 1906, and on the same day a warrant of attachment was secured, and a levy, pursuant thereto, was made upon 42,000 shares of stock of the Nevada-Utah Mines & Smelters Corporation, which was held under a pooling agreement by John Weir. Weir had arranged that the levy should be made, but left the city before the papers were ready. His representative, Thomas M. Smith, remained in charge of the safe in which the stock was deposited. Smith gave a certificate to the sheriff, stating that he

held these shares as Weir's representative and that they were the property of defendant Hodge, being held by Weir subject to the escrow or pooling agreement which was to expire January 1, 1907. Shortly afterwards the stock was surreptitiously removed from the state. On May 2, 1906, defendant Hodge appeared in the action specially for the purpose of a motion to vacate the levy. The motion was denied, and no appeal was taken. On December 29, 1906, judgment for $56,130.62 was entered in favor of plaintiff by default. Defendant's attorney admits that he suffered this default knowingly and for the purpose of compelling the plaintiff to bring suit on his cause of action in Chicago, Ill. On March 13, 1907, Lydia A. Hodge, wife of defendant, moved to vacate the levy upon various grounds stated in the moving papers, and in an affidavit used on that motion the said Lydia A. Hodge alleged that the 42,000 shares had been assigned to her by her husband on April 4, 1906. That motion was denied, and the said Lydia Hodge appealed to the Appellate Division. At the same time the plaintiff made an application to require Lydia A. Hodge and Grenville Whittlesy, defendant's attorney, to return the stock levied upon to this state or to punish Whittlesy for contempt. That motion was denied, and an appeal taken to the Appellate Division. On June 28, 1907, an order was entered by the Appellate Division directing said Whittlesy to deliver to the sheriff, within 15 days after service of said order, 42,000 shares of the capital stock of said Nevada-Utah Mines & Smelters Corporation, or within that time deliver to the sheriff of the county of New York the amount of the judgment hereinbefore entered in this action by the plaintiff, $56,130.62, with two years' interest on the amount of the judgment from the date of its entry, December 29, 1906, and the amount of sheriff's fees, the same to be held by the sheriff in lieu of said shares of stock, and directing, also, should said Whittlesy refuse or neglect to deliver said stock or to make said payment, plaintiff was at liberty to make such further motion as he may be advised. On July 2, 1907, the defendant obtained this order to show cause why his default should not be opened. On the same day the following stipulation entitled in this action was entered into:

"Stipulated that the plaintiff will not issue any execution against money upon the judgment herein until after five days after entry of an order upon the motion to open said defendant's default. The motion to open default is adjourned to July 9, 1907, same time and place.

"[Signed]                           Armstrong, Brown & Boland,
                                      "Attorneys for Defendants.
                     "William P. Maloney,
                                     "Attorney for Plaintiff."

On the 2d of July, 1907, the following paper entitled in this action was executed:

"To the Sheriff of the County of New York, 299 Broadway, New York City—Dear Sir: We certify that the sum of $63,619.92, deposited with you by Grenville Whittlesy, Esq., in compliance with an order of the Appellate Division of the Supreme Court, First Department, dated June 21, 1907, which proceeds resulting from a sale of a portion of the 42,000 shares of stock of the Nevada-Utah Mines & Smelters Corporation upon which levy was made in this action by the sheriff of the county of New York, and we hereby request and authorize you, whenever the plaintiff in the above action issues execution on the judg-

ment therein dated December 29, 1906 (unless you be enjoined or stayed by some order of a court of competent jurisdiction), to satisfy the said judgment, with interest and your legal fees as sheriff from the above fund so deposited.

"[Signed]                                              Lydia A. Hodge.

                                                       "Charles J. Hodge."

That instrument was acknowledged by Charles J. Hodge on the 2d day of July, 1907, and by Lydia A. Hodge on the 3d day of July, 1907, and filed with the sheriff of the county of New York on the 3d day of July, 1907. It appears by the affidavit of the plaintiff and by the affidavit of Mr. Maloney, his attorney, that neither the plaintiff nor his attorney knew until July 8, 1907, that the defendant had consented to the satisfaction of said judgment. Mr. Maloney states that he signed the above-mentioned stipulation for the reason that he was about to leave the city with his family and he could not attend on the return day of the order to show cause obtained by the defendant to open the default herein returnable July 3, 1907. It seems to me, from the facts presented, about which there can be little or no dispute, that the defendant's motion to open the default should be denied, and that, in so far as the stipulation referred to interferes with the right of the plaintiff to issue execution against the money in the hands of the sheriff, he should be relieved therefrom. This motion to open the default is made pursuant to section 445, Code Civ. Proc. This section, however, requires that the party seeking relief must show sufficient cause. Marvin v. Brandy, 56 Hun, 245, 9 N. Y. Supp. 593. This, as above indicated, he has, in my opinion, failed to do.

Motion to open default denied. Motion to be relieved from stipulation granted. Settle order on notice.