# C. P. DE LAITTRE v. HENRY B. CHASE and Others.[1]

December 9, 1910.

Nos. 16,799—(185).

**Default judgment after service by publication — application to vacate.**
Section 4113, R. L. 1905, does not require a defendant, against whom a default judgment had been taken by service of the summons by publication, to show that he was diligent in learning of the entry of the judgment; but, after he has actual notice of the judgment, his diligence in seeking relief therefrom begins. If, however, he shows a good defense, and it does not appear that he has lost his right by unexcused laches after notice, he is entitled to an opportunity to defend the action as a matter of right.

**Same — evidence of laches.**
Record considered, and *held*, that it justifies the decision of the trial court that the defendant, by his unexcused laches after notice, lost his right to have the judgment against him opened, and to be permitted to defend the action.

Action in the district court for Aitkin county to determine adverse claims to certain real estate. The summons and notice of lis pendens were served by publication and there was no appearance by any defendant. The case was tried before McClenahan, J., who on May 21, 1909, made findings of fact and as conclusions of law ordered judgment in favor of plaintiff. On May 4, 1910, the court granted an order that plaintiff show cause why the judgment should not be vacated and defendants Robert Anderson and Alfred Teisberg should not be permitted to serve their answer. From an order discharging the order to show cause, Robert Anderson and Alfred Teisberg appealed. Affirmed.

*Alfred Teisberg* and *W. R. Duxbury,* for appellants.

*J. C. Hessian,* for respondent.

[1]Reported in 128 N. W. 670.

START, C. J.

Action brought in the district court of the county of Aitkin to determine adverse claims to the land described in the complaint. Service of the summons was by publication. The defendants did not appear, and a default judgment, on May 21, 1909, was entered, granting the plaintiff the relief asked for in his complaint. On May 4, 1910, the court made its order requiring the plaintiff to show cause on May 11 next thereafter why the judgment should not be vacated, and the appellants, Robert Anderson and Alfred Teisberg, be permitted to serve their answers herein. The order was based on the affidavit of Anderson to the effect that he was the owner of an interest in the land, and that he had no notice of the pendency of the action prior to October 12, 1909, and then only vague information, but he did not state what in fact his information was; his proposed answer, with an affidavit of merits; and the affidavit of Teisberg to the same effect, except that he did not learn of the pendency of the action prior to September 12, 1909. The plaintiff's affidavit in opposition was to the effect that he was the sole owner of the land, and had paid the taxes thereon since 1889; that in June, 1909, he saw Teisberg, who also appears as attorney for Anderson, who then referred to the judgment, and stated that he represented the owners of the land, and asked the plaintiff to make an offer for the land, or name a sum which he would take for his interest in the land; that the plaintiff declined so to do, and that thereupon Teisberg said he had a year in which to apply for a vacation of the judgment. This affidavit of the plaintiff was not contradicted, except in so far as it conflicted with the affidavits upon which the order was based. The record discloses no attempt to excuse the delay in applying to the court for relief after the appellants learned that the judgment had been entered. Upon this showing the trial court made its order denying the appellants any relief, and discharging the order to show cause, from which they jointly appealed.

The statute (R. L. 1905, § 4113) provides that, where the summons is not personally served, the defendants may be permitted to defend at any time within one year after judgment. This statute does not require the defendant to show that he was diligent in ac-

quiring notice of the pendency of the action; but, after he has actual notice of the judgment, his duty to exercise diligence in seeking to be relieved therefrom begins. If, however, he shows a good defense, and it does not appear that he has lost his right by unexcused laches after notice, he is entitled to an opportunity to defend the action as a matter of right, and not of discretion. Frankoviz v. Smith, 35 Minn. 278, 28 N. W. 508; Lord v. Hawkins, 39 Minn. 73, 38 N. W. 689; Cutler v. Button, 51 Minn. 550, 53 N. W. 872; Fifield v. Norton, 79 Minn. 264, 82 N. W. 581; Bogart v. Kiene, 85 Minn. 261, 88 N. W. 748; Fink v. Woods, 102 Minn. 374, 113 N. W. 909.

It conclusively appears from the record that the appellants had actual notice of the judgment at least seven months before they took any steps to be relieved therefrom, and that the trial court was justified in concluding that the laches of the appellants was such that they were not entitled to any relief.

Order affirmed.