## WHEATON FLOUR MILLS COMPANY v. M. L. WELCH.[1]

July 11, 1913.

Nos. 18,133—(235).

**Vacating judgment — service of summons outside Minnesota.**

1. A defendant, to whom a copy of the summons is delivered in person without this state, is not personally served with summons within the meaning of section 4113, R. L. 1905. Such service is only the equivalent or substitute for a service of summons by publication.

**Same — error not to grant leave to defend.**

2. The defendant to whom the summons in this action was so delivered in person in the state of New York was not guilty of inexcusable neglect in failing to answer in time, and the court erred in refusing to grant him leave to come in and defend.

Appeal by defendant from an order of the district court for Traverse county denying defendant's motion to vacate a judgment and grant him leave to defend the action on the merits. Reversed.

*Wilson, Mercer, Swan & Stinchfield,* for appellant.

*F. W. Murphy,* for respondent.

HOLT, J.

The defendant appeals from an order denying his application to open a default and permit him to defend.

The action is to cancel a mortgage of $3,500 held by defendant upon plaintiff's land in Traverse county, this state. On August 3, 1912, defendant was a resident of the city of New York. On that day, the complaint and the affidavit prescribed for service of the

---

[1] Reported in 142 N. W. 714.

summons by publication were filed. The latter shows that at the same time a copy of the summons was mailed to defendant. No other papers in the action appear to have been filed until September 20, 1912. Defendant expected the suit, and in the latter part of July wrote the attorney for plaintiff requesting him to defend. He also inclosed a retainer. This was promptly returned to defendant in a letter mailed July 30, with the information that the suit was brought and that the papers would soon be served upon him, but if he desired to avoid the expense of service thereof, he could have an attorney appear for him. He was also given the names of four practicing attorneys in Traverse county. A copy of the summons was delivered to defendant personally on August 15 in New York. The defendant's affidavit states that on August 7, he wrote Mr. Lightner, an attorney at St. Paul, requesting him to conduct his defense, that early in September he was informed by Mr. Lightner that, if service of summons was by publication, he would have until October 1 to answer. But inasmuch as Mr. Lightner did not wish to go to Wheaton to conduct the trial, the defendant concluded to request his present attorneys to protect his interests. He first wrote them September 21, 1912. He also states that prior to September 26 he was unaware that judgment herein had been entered against him. On October 2, 1912, he telegraphed his attorneys to proceed with the proper defense. Unfortunately for defendant, his attorneys adopted the plan to get him out of court, instead of asking for the opportunity to come in and defend. But when the court on November 20, 1912, denied his application to set aside the judgment for lack of jurisdiction to enter the same upon such service of summons as was made, the defendant on December 11, 1912, served notice of this motion to open the default and for leave to defend. The motion was made under sections 4113 and 4160, R. L. 1905.

The defendant was one upon whom the summons was not personally served, and therefore, unless guilty of laches, had had the right to come in and defend. The delivery to a defendant outside the state of a summons is not personal service thereof within the meaning of section 4113 of the code. It is merely the equivalent or substitute for a completed statutory service of summons by pub-

lication. H. L. Spencer Co. v. Koell, 91 Minn. 226, 97 N. W. 974. But a defendant served by publication, or by a personal delivery of the summons without the state, has an absolute right to come in and defend within a year after the entry of judgment, unless laches bars his right. From the time he has knowledge of the commencement of the suit, he must proceed with diligence to make his defense. Lord v. Hawkins, 39 Minn. 73, 38 N. W. 689; Cutler v. Button, 51 Minn. 550, 53 N. W. 872; Bogart v. Kiene, 85 Minn. 261, 88 N. W. 748, and in DeLaittre v. Chase, 112 Minn. 508, 128 N. W. 670, the right of the defendant not personally served to come in and defend under said section 4113 is thus stated: After he "has actual notice of the judgment, his duty to exercise diligence in seeking relief therefrom begins. If, however, he shows a good defense, and it does not appear that he has lost his right by unexcused laches after notice, he is entitled to an opportunity to defend the action as a matter of right and not of discretion."

In passing on the laches charged against this defendant, it must not be forgotten that courts are, and should be, liberal in granting relief against default judgments obtained through inadvertence, mistake or excusable neglect. A person should have his day in court, unless his delay is inexcusable or has prejudiced the rights of others. Especially is this so where the amount involved is large, and the failure to defend in time cannot be attributed to indifference or lack of interest in the result. It appears to us that defendant can hardly be said to have been guilty of laches. His offending is more in the course pursued to protect his rights. He began to take steps to defend before the suit was started. He sought the services of attorneys of high standing and ability. Not only Mr. Lightner's services were used, but also those of the firm of O'Brien, Young & Stone, before his present attorneys were employed. Conceding that the attack of the court's jurisdiction was ill advised, it nevertheless evinces a persistent attempt to retain the mortgage which plaintiff seeks to destroy.

If, in anything, defendant's conduct is to be criticised, it is that he sought the services of too many attorneys, and, reading between the lines, we may suspect that he was too slow with the adequate

retainer. There is also perhaps a lack of frankness or full disclosure in the application for leave to defend. But considering that the defendant, far removed from his attorneys, has labored under the disadvantage of advising with them by means of correspondence alone, thus having to forego that personal consultation so necessary to a proper presentation of a controversy before the court; that in all probability he honestly believed that he had until October 1 in which to answer; and that the attack by his attorneys on the court's jurisdiction was without doubt made in good faith, we are of opinion that he has not been guilty of such inexcusable laches that the relief asked should be denied.

In Frankoviz v. Smith, 35 Minn. 278, 28 N. W. 508, the defendant was let in to defend after an unsuccessful attack on the court's jurisdiction.

Neither is plaintiff wholly without blame, for its neglect to file promptly proof of service of summons may have misled the defendant's attorneys in respect to the expiration of the time to answer. The clerk of court was requested by Mr. Lightner to furnish copies of the papers on file August 19. The request was complied with August 21. The documents thus furnished could have been none other than a copy of the complaint and affidavit for publication of summons, for neither the sheriff's return on the original summons nor the proof of service thereon upon defendant in New York though made August 15, were filed until September 20.

However, the course pursued by defendant has caused plaintiff unnecessary vexation and expense, and we believe the default should be opened on terms.

Order reversed and cause remanded, with direction to the trial court to permit defendant to answer and defend on such terms as may be just.