# L. C. PEDERSEN v. CHRISTOPHER C. M. NEWTON AND OTHERS.[1]

December 14, 1917.

No. 20,636.

**Judgment — vacating default — finding of laches sustained.**

> An application made under G. S. 1913, § 7739, by one served by publication, to vacate the judgment in the action if seasonably made, is granted as a matter of right. Defendant may lose his right by laches. He must meet any charge of laches made by plaintiff, and if laches appears from his own showing his application must fail. There are facts and circumstances in this case sufficient to sustain a finding of laches on the part of the defendant in making his application to vacate the judgment against him.

Action in the district court for Pine county to determine adverse claims to vacant and unoccupied land. The case was tried before Nethaway, J., who made findings and ordered judgment in favor of plaintiff. From an order denying his motion to set aside the default judgment and to be substituted in the place of persons unknown and to be allowed to appear and defend the action, E. Avery Newton appealed. Affirmed.

*Leach & Leach,* for appellant.

*S. G. L. Roberts,* for respondent.

Per Curiam.

This is an action to quiet title to 80 acres of land in Pine county. Christopher C. M. Newton and all other persons unknown were made defendants. Newton died in 1876, a nonresident of Minnesota, leaving a widow, two sons and a daughter, all nonresidents and residing at widely separated places. No copy of summons was mailed to or served upon any. Judgment was entered June 22, 1916. At some time after judgment, one of the sons, E. Avery Newton, learned of the judgment and, after correspondence, purchased the interest of the other heirs and

[1] Reported in 165 N. W. 378.

in February, 1917, made application to vacate the judgment and for leave to answer. The trial court denied the motion and defendant Newton appeals. This application was made under G. S. 1913, § 7739. This section provides as follows: "If the summons be not personally served, the defendant, on application to the court before judgment and for sufficient cause, shall be permitted to defend; and, except in an action for a divorce, the defendant, in like manner, may be permitted to defend at any time within one year after judgment, on such terms as may be just."

Under this section, where the summons is served by publication, "the defendant is entitled, upon proper application, as a matter of right, to an order vacating the judgment, and permitting a defense to be interposed." An answer setting up a good defense is a showing of "sufficient cause" within the meaning of the statute. "Such applications are not addressed to the discretion of the court," as are applications under G. S. 1913, § 7786. "If proper application for leave to defend be seasonably made, and be accompanied with an answer setting up a defense to the action, it is granted as a matter of right." Fifield v. Norton, 79 Minn. 264, 265, 82 N. W. 581; Lord v. Hawkins, 39 Minn. 73, 38 N. W. 689, limiting Washburn v. Sharpe, 15 Minn. 43 (63), and Frankoviz v. Smith, 35 Minn. 278, 28 N. W. 508; Wheaton Flour Mills Co. v. Welch, 122 Minn. 396, 142 N. W. 714; Doherty v. Ryan, 123 Minn. 471, 144 N. W. 140.

The party making the application "is not required * * * in the first instance, to show that he had not actual notice of the action in season to interpose his defense within the ordinary time." Frankoviz v. Smith, 35 Minn. 278, 28 N. W. 508. He may, however, be barred of his right by laches after he has notice of the entry of the judgment. Cutler v. Button, 51 Minn. 550, 53 N. W. 872; Fink v. Woods, 102 Minn. 374, 113 N. W. 909; De Laittre v. Chase, 112 Minn. 508, 128 N. W. 670. He is bound to meet any charge of laches made by plaintiff, Mueller v. McCulloch, 59 Minn. 409, 61 N. W. 455; Bogart v. Kiene, 85 Minn. 261, 88 N. W. 748, and if laches appears from his own showing, his application must fail.

The trial court must have found that defendant was guilty of laches and must have denied relief on that ground.

In determining whether the defendant is barred by laches, a large discretion must be reposed in the trial court. Mueller v. McCulloch, 59 Minn. 409, 61 N. W. 455. The facts bearing on this question are as follows:

This land was patented to Christopher C. M. Newton March 1, 1872. Neither he nor his family ever paid any taxes upon it. They abandoned the land, so far as vacant land can be abandoned, and it was sold for taxes in 1881 and the purchaser and his grantees have since paid the taxes. Defendant states in his affidavit "that prior to the entry of judgment" he "had no notice or knowledge · * * * of the commencement or pendency of said action." He does not state when he received notice, but alleges that upon receipt of notice he stated his case to an attorney who advised him that the heirs "could open up the said judgment and file an answer therein at any time within one year after the entering of the judgment," that he immediately got in touch with the other heirs, "which necessarily was a slow process seeing that these heirs were so far from * * * affiant and from each other," and that he obtained quitclaim deeds from them of their interest in the premises and thereupon made this application. Defendant resides in Los Angeles and the other heirs, one in Oregon City, Oregon, one in Des Moines, one in Philadelphia. One of them stated in an affidavit that "prior to the month of January, 1917," he had no notice of the action or of the judgment. This application was made February 20, 1917, and notice of it was served February 8, 1917. A majority of the court are of the opinion that these facts justify a finding of laches in making the application and that the order appealed from should be affirmed.

Order affirmed.