### OTTO H. BEELMAN AND ANOTHER v. MAX H. BECK AND ANOTHER.[1]

October 23, 1925.

No. 24,824.

**Application denied for vacation of judgment entered on substituted service.**
    Application under section 9236, G. S. 1923, to have a judgment rendered against a nonresident on substituted service vacated and for leave to defend. The summons was served on the defendant personally outside the state. His laches in taking no action in the matter for five months thereafter justified the court in denying the application.

See Judgments, 34 C. J. p. 266, § 488.

Action in the district court for Rock county. The case was tried before Nelson, J., who ordered judgment in favor of plaintiffs. Defendant Heaton appealed from an order denying his motion for an order vacating the default judgment and granting him leave to answer. Affirmed.

*Hansen & Engan*, for appellant.
*Canfield & Michael*, for respondents.

[1]Reported in 205 N. W. 636.

TAYLOR, C.

The question presented by this appeal is whether the trial court abused its discretion in denying the motion of defendant Heaton to vacate the judgment rendered against him and permit him to answer and defend.

The action was brought in Rock county, in which the transaction out of which it grew took place and in which defendant Beck resides. Defendant Heaton resides at Sioux Falls in the state of South Dakota, 32 miles from the city of Luverne, the county seat of Rock county. The summons was served on defendant Beck personally on September 8, 1924. On the same date a tract of land in Minnesota owned by defendant Heaton was levied upon under a writ of attachment and a copy of the summons was mailed to him. On September 11, 1924, the summons was served upon him personally at Sioux Falls. Neither defendant answered or appeared in the action in any manner. On January 14, 1925, judgment was entered against both defendants, and on the same date an execution was issued thereon under which the land of defendant Heaton previously attached was levied upon and advertised to be sold at public auction on February 28, 1925. On February 23, 1925, defendant Heaton procured an order requiring plaintiffs to show cause on February 27, 1925, why the judgment should not be vacated and he be permitted to answer and defend. The court denied his application and the sale took place as advertised.

It is conceded that the proceedings which resulted in the judgment were regular in all respects. The application for leave to defend was made under section 9236, G. S. 1923, which provides:

"If the summons be not personally served, the defendant, on application to the court before judgment and for sufficient cause, shall be permitted to defend; and * * * may be permitted to defend at any time within one year after judgment, on such terms as may be just."

As the proposed answer states a valid defense, at least to a part of the claim, defendant Heaton was entitled to defend unless guilty

of laches.  But if the facts warranted the trial court in finding him guilty of laches, his application was rightly denied.  Mueller v. McCulloch, 59 Minn. 409, 61 N. W. 455; Bogart v. Kiene, 85 Minn. 261, 88 N. W. 748; Fink v. Woods, 102 Minn. 374, 113 N. W. 909; DeLaittre v. Chase, 112 Minn. 508, 128 N. W. 670; Wheaton Flour Mills Co. v. Welch, 122 Minn. 396, 142 N. W. 714, Ann. Cas. 1916B, 563; Pedersen v. Newton, 139 Minn. 24, 165 N. W. 378.

He admits receiving the copy of the summons mailed to him on September 8, 1924, and also the copy of the summons served on him personally on September 11, 1924.  He had full knowledge of the bringing of the action at that time, but took no steps to defend until he learned that his property was being advertised for sale under the execution more than five months later.  All the decisions are to the effect that he lost his right to defend by this delay, unless it was sufficiently excused.  His excuse is that he did not know that his property in Minnesota had been attached, and that he took the summons to his attorney in Sioux Falls and was advised that a money judgment could not be rendered against him in Minnesota on the summons served upon him in South Dakota, and that he need pay no attention to it.  He nowhere states that he informed his attorney that he had property in Minnesota.  It is true that a judgment binding him personally could not be rendered in Minnesota upon such service, yet he must be held to have known that a judgment could be rendered which would bind and could be enforced against his property in Minnesota, and it does not appear that he sought or obtained any advice upon that question.  In Pedersen v. Newton, supra, advice that the application could be made at any time within a year after the entry of judgment did not absolve the defendant from the charge of laches.  Sioux Falls and Luverne are connected by a railroad and a trunk highway, and are only 32 miles apart.  The summons informed Heaton that the complaint was on file in the office of the clerk of the court at Luverne.  Any proper inquiry would have disclosed the subject-matter of the action and the issuance and levy of the attachment.  From the fact that the court could not obtain jurisdiction over him personally but only

over his property in Minnesota, he should have known that the action was brought to reach such property or determine rights in it. He did nothing to ascertain the facts or protect his rights, and we think the learned trial court was within its discretion in holding that he had been guilty of laches and thereby had lost his right to defend. His part in the transaction in question, as disclosed by the record, was not such as would incline a court to stretch its discretion for the purpose of giving him relief.

Order affirmed.