## MADS MADSEN AND ANOTHER v. EDWARD POWERS.[1]

May 3, 1935.

No. 30,315.

*James Fleming* and *George A. French,* for appellant.
*L. W. Crawhall,* for respondents.

I. M. OLSEN, JUSTICE.

Defendant appeals from the final judgment in favor of the plaintiffs. The plaintiffs brought suit in equity to foreclose, terminate, and cancel a contract for the sale and conveyance of real estate. Defendant not being found, service of the summons was made by publication. There is no claim that the publication of the summons was not properly made. Defendant failed to appear, and after the time for answering had expired the case was heard by the court as a default on May 25, 1934. Plaintiffs presented their evidence, and the court on that date made its findings of fact, conclusions of law, and decree thereon. The court found and concluded that

[1]Reported in 260 N. W. 510.

there were defaults in payments under the contract in question to the amount of some $1,398 and interest and ordered and decreed that if defendant failed to make payment of the amount so owing and in default on or before May 31, 1934, the plaintiffs should have final judgment adjudging and decreeing that they were the owners in fee of the property and entitled to possession thereof; that defendant had no right, title, estate, or interest therein; and that the contract in question was in all things canceled and terminated. The defendant failed to make any payment. Application for final judgment was made on May 31 and adjourned until June 4, 1934. Thereafter, on June 5, 1934, the court made its order for final judgment in accordance with its interlocutory decree of May 25, and judgment was so entered. The appeal is from this final judgment.

On June 2, 1934, attorneys appearing for the defendant obtained an order to show cause, returnable on June 4, why an order should not then and there be made setting aside and vacating the findings and order for judgment made by the court on May 25, and, in connection therewith, gave notice of a motion for an order to vacate and set aside the findings and order for judgment made by the court on May 25 and for leave to answer. They also presented a proposed answer for the defendant and an affidavit by one of defendant's attorneys. The motion and order to show cause were heard on June 4, and, after hearing the parties thereon and the answer and affidavits presented for defendant, and an affidavit by one of the plaintiffs herein, the court ordered that defendant's motion to set aside the judgment and order of the court should be in all things denied, and on June 5 entered its order for final judgment as hereinbefore stated.

Defendant presents here assignments of error that the court erred in denying his motion to set aside the findings and interlocutory decree of May 25, and further that it erred in therein canceling the contract. He presents the further assignment that the complaint does not state facts sufficient to constitute a cause of action. Defendant bases his right to have the motion to vacate the interlocutory decree granted on 2 Mason Minn. St. 1927, § 9236, which pro-

vides that if the summons be not personally served the defendant, on application to the court before judgment and for sufficient cause, shall be permitted to defend; and further provides that the defendant, in like manner, may be permitted to defend at any time within one year after judgment. We agree with counsel for the defendant that defendant is entitled as a matter of right to answer and defend in an action where the summons is served by publication if sufficient cause is shown; and we come directly to the question of whether the proposed answer in this case shows any valid defense, or, in other words, whether the answer shows a sufficient cause for granting the defendant's motion to have the interlocutory decree and findings of fact in this case vacated and to be permitted to answer.

A consideration of the answer presented, taken in connection with the court's findings and decree and the affidavits presented, leads to the conclusion that the answer does not set out any defense. Defendant made no personal appearance of any kind, either by affidavit or answer. All that was done was done by attorneys appearing for him, and defendant's whereabouts remained wholly undisclosed in anything before the court. There is what purports to be a general denial at the beginning of this answer, but further on it admits the contract in question, admits that the payments which the court, on proper evidence, found were in default had not been made; that is, it admits that these payments were to be made and does not allege that any payments had been made thereon. In an equity case it was incumbent upon defendant, these defaults standing admitted, to make payments thereof or offer to make payments of some kind so as to relieve himself from the conceded defaults in payment.

The contract here in question was entered into November 10, 1933, between plaintiffs and the I. and M. Land Company, a corporation. No one else was a party to or named as taking any part in the contract. The contract is for the sale and conveyance by plaintiffs to the I. and M. Land Company, as vendee, of the premises here in question, upon monthly payments extending over the period from December 5, 1933, to December 5, 1935, at which time the balance

of $20,965.28 is to be paid to the plaintiffs and the property conveyed to the I. and M. Land Company, subject to the first mortgages of some $60,000 on the property. There are provisions in the contract that the plaintiffs, the vendors, shall apply certain sums out of the monthly payments received by them in payments to the holders of the first mortgages for taxes and interest on said mortgages. Defendant, not alleging any failure of plaintiffs properly to apply any payments that had been made, cannot raise any question on these provisions. He cannot, of course, make any claim that plaintiffs should have paid interest and taxes on the mortgages out of payments which defendant should have made but has not made.

There are some indefinite allegations to the effect that there was some "verbal understanding" between the parties and a company called the "Apartment Owners' Holding Company," which verbal understanding was not included in the written contract, and that the purchase price in the contract was "greatly excessive" and "in excess of the true amount." There is no foundation in the answer or contract for any such claims.

There is also in the answer an allegation that the defendant commenced some kind of an action against the plaintiffs and others on May 25, 1934, to obtain a so-called reformation of the contract. The allegations in that respect are not a defense to the action, as we view it, and are too indefinite and uncertain to show any estoppel or bar to the judgment in this case.

Defendant further presents the claim that under L. 1933, c. 422, 3 Mason Minn. St. 1934 Supp. §§ 9576-1 to 9576-6, the cancellation of the contract could not be made by the court in this action. That chapter is a so-called emergency act and purports to suspend for the period of two years the provisions of 2 Mason Minn. St. 1927, § 9576. As we read it, that chapter has reference only to the cancellation of sales contracts by the parties thereto, and we have held by our decisions that § 9576, as it stood before it was suspended, was not the exclusive remedy and that it did not prevent equity actions to cancel such contracts. State Bank of Milan v. Sylte, 162 Minn. 72, 202 N. W. 70; Sovell v. First Nat. Bank, 167 Minn. 384, 209 N. W. 22; Bowers v. Norton, 169 Minn. 198, 210 N. W. 871.

We think the act of 1933 stands on the same footing on that question.

There is a statement in defendant's brief that the cancellation of the contract was contrary to the terms of the contract itself. We find no such provision in the contract. It merely gave the vendors the option, at their discretion, to proceed by notice instead of by action.

Defendant also makes the claim that the complaint in this action did not state facts sufficient to constitute a cause of action. Viewed as an equity action, we think it does state a cause of action. It alleges the making of the contract and defaults, and asks for equitable relief. Taking the entire record here before the court, including the affidavits presented, the situation passed upon by the court is somewhat unusual. Plaintiffs were unable to find any trace of this defendant. He had not appeared or done anything at the time the action was commenced. He claimed to have an assignment of the contract from the I. and M. Land Company, but no instrument of that kind was attached to any of the affidavits or to the answer. The property in question was apartment houses bringing in substantial rentals, which defendant or someone else was appropriating. The value of the property was large, some $80,000. There were first mortgages of $60,000, on which payments of interest had to be made periodically. Plaintiffs were owners in fee of the property at the time the action was commenced and under necessity of protecting the property from foreclosure of the first mortgages and from accrual of taxes and interest.

Some fault is found with the affidavits presented by plaintiffs in that they do not specifically set out the defaults. At that time plaintiffs had, and there was as a part of the record, the interlocutory decree of the court expressly finding these defaults and the condition as to the mortgages. Plaintiffs had the benefit of that decree on this motion. It may be noted that the instalment under the contract of $466.10, due on February 5, 1934, was thereafter paid by someone for the defendant on April 12, 1934, but the instalments for the same amount, due March 5, April 5, and May 5, 1934, as found by the court, were not paid.

Judgment affirmed.