[1] Reported in 296 N.W. 1.
Appeal by Newton P. Stallman, defendant, from an order refusing to set aside a default judgment and allow answer.
As part of an action begun January 14, 1939, to recover for nursing services, plaintiff garnished in Minnesota a check drawn by the Pacific Mutual Life Insurance Company payable to defendant, a resident of Iowa, as one of the beneficiaries on the life of Peter B. Romelfanger, to whom plaintiff, allegedly, rendered the services in question at defendant's request. When garnished in Minnesota, the check was held by William Romelfanger, the insured's brother. He had received it from an Iowa attorney to whom it had been delivered by defendant's wife, insured's sister, apparently in an attempt to keep defendant from getting it.
Defendant employed one Edward J. Wenner, a Waterloo attorney, who in turn retained James R. Nichols, of Minneapolis, to appear specially at the disclosure. Later Nichols and Richard E. Kyle of St. Paul were both retained to challenge the jurisdiction of the Minnesota court obtained through garnishment. This failed and the order therein was entered on April 26, 1939. On the day following, plaintiff's counsel offered to permit defendant to answer the complaint at any time within the ten-day stay granted by the court. Kyle so informed Wenner, who was the directing force in charge of defendant's case. On May 4 plaintiff served notice of the filing of the April 26 order upon Nichols in Minneapolis, with the admonition that should defendant remain in default, judgment would be entered "very soon." Judgment was in fact entered on May 9, but no formal notice thereof was ever given defendant or counsel. *Page 140 
Prior thereto, on April 19, 1939, before the order sustaining the jurisdiction was handed down, defendant instituted suit against the Pacific Mutual Life Insurance Company in Iowa in which issue was joined and trial set for October. On September 15 an interpleader suit was brought in the federal district court for Minnesota by the insurance company, in which defendant was enjoined from prosecuting his Iowa action. Then on October 5, after plaintiff's counsel had refused leave to answer on the merits, it was decided by counsel for defendant that something should be done about opening the judgment. During October Kyle wrote two letters to Wenner urging action. It was not until November 6 that the answer and accompanying affidavits were received by Kyle. The motion was heard in November and subsequently denied.
1. Though we agree with appellant that 2 Mason Minn. St. 1927, § 9236, confers upon a defendant who has not been personally served, and for sufficient cause, a right "to defend at any time within one year after judgment, on such terms as may be just," yet we cannot reverse the court below, because apparently the application was regarded as addressed to its discretion, if sufficient reason existed for denying the application. In Lord v. Hawkins, 39 Minn. 73, 38 N.W. 689, this section was construed and distinguished from 2 Mason Minn. St. 1927, § 9283, upon the ground that the former conferred a right to defend, while the latter, which relieves for judgments taken by mistake, inadvertence, surprise, or excusable neglect, was in terms discretionary. However, the right conferred by § 9236 is not absolute. In considering its qualification, reference should be made to the legislative purpose of the section.
Evidently the legislature recognized that constructive service, though sufficient to permit an exercise of jurisdiction quasi in rem against the property of one not personally served, cf. Templeton v. Van Dyke, 169 Minn. 188,210 N.W. 874; First Trust Co. v. Matheson, 187 Minn. 468,246 N.W. 1, 87 A.L.R. 478, might nevertheless result in a determination of legal obligations against a defendant in default having no actual notice of the proceedings. *Page 141 
So the defendant not personally served is given a right to defend within one year from judgment. Thereafter, application for relief from the judgment must be made to the trial court in its discretion under § 9283. Lord v. Hawkins, 39 Minn. 73,38 N.W. 689; Boeing v. McKinley, 44 Minn. 392, 46 N.W. 766; Foster v. Coughran, 113 Minn. 433, 129 N.W. 853. It is only fair that a person not personally served be given a reasonable opportunity to defend upon the merits. Thus, under § 9236, a defendant is not burdened with proof that he has been diligent in acquiring notice of the litigation. Frankoviz v. Smith,35 Minn. 278, 28 N.W. 508; De Laittre v. Chase, 112 Minn. 508,128 N.W. 670. Constructive notice against such defendant, through the filing of the judgment, will not be permitted. Foster v. Coughran, supra. Within this section, personal delivery of the summons out of the state to a defendant does not constitute "personal service." Bausman v. Tilley, 46 Minn. 66,48 N.W. 459; Wheaton Flour Mills Co. v. Welch, 122 Minn. 396,142 N.W. 714, Ann. Cas. 1916B, 563. However, this court does consider highly important any charge that defendant, willfully or neglectfully and without excuse, has failed, after receiving actual notice of the judgment or proceedings, to act with reasonable diligence in asserting his statutory right. Cutler v. Button, 51 Minn. 550, 53 N.W. 872; Bogart v. Kiene, 85 Minn. 261,88 N.W. 748. At this point, this right to defend becomes qualified. A defendant with actual notice is in much the same position as one personally served. Diligence then becomes a duty, not a privilege. Annotation, 122 A.L.R. 624. Under these facts, acquiescence by defendant in the action taken against him by the court may well be inferred from an unexcused silence.
Although some of the decisions of this court since Lord v. Hawkins have apparently regarded as discretionary the applications made under § 9236, Mueller v. McCulloch, 59 Minn. 409,61 N.W. 455; Beelman v. Beck, 164 Minn. 504,205 N.W. 636, these should not be credited with modifying the original rule. However, in the practical operation of this section, exercise of judicial discretion is inevitable. In deciding the question of laches, no more *Page 142 
appropriate yardstick can be used. Pedersen v. Newton,139 Minn. 24, 165 N.W. 378; Long v. Long, 112 Minn. 400,128 N.W. 464, 140 A.S.R. 495. Required also is a determination that the answer tender a meritorious defense so the requirement of "sufficient cause" is satisfied. Fifield v. Norton, 79 Minn. 264,82 N.W. 581; Madsen v. Powers, 194 Minn. 418,260 N.W. 510. Discretionary in terms is the requirement that the application be granted "on such terms as may be just." Though we reverse as unjust particular terms imposed, we still leave to the trial court the determination of such terms as may be just. Doherty v. Ryan, 123 Minn. 471, 475, 144 N.W. 140.
Notwithstanding all these qualifying factors, it is emphatically desirable that § 9236 be regarded as vesting a right in those defendants within its terms. Thereby a liberal construction to accomplish its remedial purpose will be insured. The party who would dispute this right must indicate the respects in which its recognition will defeat the purpose of the section.
2. In the instant case both the sufficiency of the answer and the question of diligence were considered below. Though the answer, a verified specific and general denial to all allegations, was regarded as "technically sufficient," yet the court was properly concerned by its lack of frankness in not disclosing the exact transaction or understanding between plaintiff and defendant. It is particularly desirable in these cases for the answer to contain full and frank statements of fact relative to all alleged defenses. Only then can supposed merit be ascertained without trial.
3. It is true that no specific finding of laches was made below. Yet anyone reading this record should conclude with the court below that defendant here was grossly delinquent in asserting his right. Not only did defendant have actual notice of the proceedings, he also participated therein before judgment. Such a participation by defendant with subsequent default has been held decisive against any right to defend. Zobel v. Zobel, 151 Cal. 98, 90 P. 191; Steers Co. v. Morgan Armspaugh, 66 Ga. 552; Crosby v. Di Palma (Tex.Civ.App.)141 S.W. 321; cf. Prager v. Beardsley, *Page 143 133 App. Div. 592, 118 N.Y. S. 232. Besides that, the defendant here was given express permission by plaintiff to answer on the merits. Though no written notice was ever given to defendant or counsel of the entry of judgment, this omission does not absolve defendant from his obligation of diligence where he has actual knowledge of the proceedings. Mueller v. McCulloch, 59 Minn. 409, 61 N.W. 455; see Bogart v. Kiene,85 Minn. 261, 88 N.W. 748. Furthermore, defendant was warned through his counsel that judgment would be entered should default continue.
As excuse for this delay of about seven months after actual notice, defendant asserts, first, that he believed that the Minnesota court could not acquire jurisdiction through a garnishment of defendant's check; second, that defendant's Iowa attorney, Wenner, was here informed that defendant had an absolute, unqualified right to open the judgment within one year and defend on the merits.
No doubt one acting with reasonable diligence after an unsuccessful challenge to the jurisdiction can invoke the benefits of § 9236. Wheaton Flour Mills Co. v. Welch, 122 Minn. 396,142 N.W. 714; Frankoviz v. Smith, 35 Minn. 278,28 N.W. 508. But here the delay was almost six months after this issue had been put to rest. Judging from defendant's conduct in starting suit in Iowa on April 19, he had concluded to ignore the order relative to jurisdiction whatever its effect or result might be. While we do not disparage defendant's attempt to force plaintiff to litigate the dispute in Iowa, yet this conduct is not wholly excusable where it regards with indifference the legitimate action of a Minnesota court. Cf. Lowenthal v. Hodge, 55 Misc. 374, 105 N.Y. S. 670. It was only when the injunction in the interpleader suit interrupted this attempt that defendant gave thought to the default judgment. Thus the trial court concluded that it was this frustration rather than any reliance upon incorrect advice as to Minnesota law, cf. Pedersen v. Newton, 139 Minn. 24, 165 N.W. 378; Beelman v. Beck, 164 Minn. 504, 205 N.W. 636, which prompted defendant to become concerned with that judgment at all. *Page 144 
Certainly the evidence supports this view. Thus defendant's delay in this case is unexcused and culpable with consequent loss of his right to defend.
4. Alleged error in the entry of judgment by the clerk without proof of damages was not presented to the court below in the motion to set aside the judgment. It is not here for review. Whether an action for recovery of the reasonable value of services rendered is within 2 Mason Minn. St. 1927, § 9256(1), certainly is not foreclosed by our decision in High v. Supreme Lodge, 207 Minn. 228, 290 N.W. 425. Application on this point should be made to the court below. Cf. Davis v. Red River Lbr. Co. 61 Minn. 534, 63 N.W. 1111.
Order affirmed.
MR. JUSTICE STONE took no part in the consideration or decision of this case.