St. Paul Land Company *vs.* Lyman C. Dayton and Wife.

November 2, 1888.

**Pleading—Leave to Answer after Default.**—Leave to answer after default, *held* to have been properly denied, both on the ground of unexcused delay, and also of the insufficiency of the proposed answer.

After the decision of a former appeal, (reported, 37 Minn. 364,) sustaining the complaint as against the demurrers of the defendants, the cause was remitted to the district court for Ramsey county, on November 4, 1887.

On November 14, 1887, the defendants caused to be served upon the attorneys for the plaintiff their answer to the complaint. This

answer the plaintiff refused to receive, upon the ground that the time to answer had expired and the defendants were in default. On January 28, 1888, upon the application of the plaintiff, notice thereof having been given to the defendants, an order was made by the district court, reciting the default of the defendants, and referring the action to a referee to take proof of the matters set out in the complaint. On March 26, 1888, and before the referee had reported to the court, the defendants obtained an order to show cause why they should not be allowed to answer herein, and they appeal from an order by *Brill,* J., discharging the order to show cause, and denying the application for leave to answer.

*Lyman C. Dayton* and *E. F. Lane,* for appellants.

*Young & Lightner,* for respondent.

MITCHELL, J. Appeal from an order discharging an order to show cause why defendants should not be allowed to answer. We must assume that the defendants were, at the time this order was made, in default. If they were not, there was no necessity for applying to the court for leave to answer, and they were not prejudiced by the order appealed from. There was certainly no abuse of discretion in denying the application. *First,* the long delay, nearly five months, in making it, was not satisfactorily excused. *Second,* the proposed answer sets up no facts constituting a defence. The execution of the contract with plaintiff, as alleged in the complaint, is admitted. The denial of the corporate character of plaintiff is immaterial. The allegation that plaintiff has never offered or tendered performance on its part, or demanded performance on part of the defendants, is also immaterial, so long as the plaintiff alleges readiness and willingness to perform in the complaint. The matter could at most only affect the question of costs. Those portions of the answer attempting to avoid specific performance on the ground of fraud, mistake, ignorance, etc., do not allege any facts that would constitute any ground of relief either in law or equity.

Order affirmed.