JULIEN M. BAUSMAN *vs.* JOHN J. TILLEY, impleaded, etc.

April 8, 1891.

**Application to Open Judgment by Default—Summons Mailed to Non-Resident Defendant.**—A non-resident defendant in a civil action, to whom a copy of the summons has been mailed at his known place of residence in the manner provided in Gen. St. 1878, *c.* 66, § 64, has not been personally served with the summons, within the meaning of section 66 of the same chapter, although he fails to deny that he received such copy by due course of mail.

**Same—Review of Decision of Trial Court on Question of Fact.**—Where, upon the hearing of a motion for leave to defend, made by virtue of the provisions of said section 66, an issue of fact raised by the affidavits of the respective parties has been passed upon by the court below, its determination will not be disturbed if there be evidence reasonably tending to support it.

Appeal by plaintiff from an order of the district court for Hennepin county, *Smith, J.,* presiding, opening a judgment by default against defendant Tilley and admitting him to defend the action.

*Francis G. Burke* and *Geo. M. Bennett,* for appellant.

*Edward Savage,* for respondent.

COLLINS, J.[1]   This action was brought against a non-resident, living in the Province of Ontario, to determine an adverse claim to real property.   Service of the summons was made by publication; the affidavit, previously filed with the clerk, showing that a copy of the same had been deposited in the proper post-office, directed to defendant at his place of residence, as provided in Gen. St. 1878, *c.* 66, § 64.   Within one year after entry of judgment, defendant moved for leave to answer and defend, under the provisions of section 66, *c.* 66, *supra,* which motion was granted upon terms.   On the hearing appellant contended that as, beyond dispute, a copy of the summons had been mailed to defendant at his admitted place of residence, and he had not shown that it was not received, there had been *personal*

[1] Vanderburgh, J., took no part in this case.   Mitchell, J., being absent, took no part in the making and filing of this decision.

service upon him, and hence he had been excluded from the rights and privileges conferred by section 66, which in terms affects those only who have not been personally served. No discrimination is made in section 64 between non-residents to whom a copy of the summons may be mailed, because their places of residence are known, and those to whom no copy can be mailed, because their places of residence are unknown. In all of the cases covered and provided for in section 64 there must be substituted service,—that is, by publication of the summons in the manner specified in section 65,—and it is by virtue of this publication that the court acquires jurisdiction. It is of no consequence, except as the fact might bear upon the question of diligence, that a copy of the summons has been mailed to or received by the defendant at his place of residence outside of the territorial limits of the state. Evidently section 66 was intended to cover and apply to all cases mentioned in the two preceding sections of chapter 66, clearly distinguishing the proceedings and manner of service therein provided for from the proceedings and service known as "personal," wholly regulated by sections 59, 60, 62, of said chapter 66. The defendant, as a non-resident served by publication only, came within the terms of section 66, and, concededly, his proposed answer set forth a good and sufficient defence. This must be treated as "sufficient cause shown" by him for permission to defend. *Lord* v. *Hawkins*, 39 Minn. 73, (38 N. W. Rep. 689.) So that the only material question remaining for consideration is as to defendant's diligence in making the application. There was a sharp conflict in the affidavit made by defendant, and those introduced in opposition by plaintiff, over defendant's knowledge or want of knowledge of the pendency of the action, months before judgment was entered, but on the issue thus made the court below found in favor of the latter. We are not disposed to contradict the plaintiff when he asserts that upon this question the preponderance of the proof, as found in the affidavits, was with him, but it did not conclusively appear that the defendant had knowledge of the pendency of the action prior to August 12, 1890, about one month before the motion was brought on for hearing. He stated in his affidavit, without equivocation, that he had no notice or knowledge of the pendency of the action until after said

12th day of August. ·If this was the fact, and the lower court must have so found, he was not guilty of laches, and was entitled to answer and defend. The conflict of evidence upon this point was particularly within the purview of the court hearing the motion; it passed upon a question of fact when determining it; there was evidence on which its decision upon the fact could be predicated; and it is not within our province to reverse the conclusion reached.

Order affirmed.