WARREN FIFIELD v. CEPHAS H. NORTON and Others.

April 20, 1900.

Nos. 12,081—(128).

**Service of Summons by Publication—Opening Judgment by Default.**
In actions where default judgment is rendered on a service of the summons by publication, the defendant is entitled, as a matter of right, under G. S. 1894, § 5206, to an order vacating the judgment, and to be let in to defend the action, upon an application seasonably made to the court, accompanied by an answer setting up a good defense to the action.

**G. S. 1894, § 5206—Adverse Claims—Unrecorded Deed.**
Applications under said section of the statutes are not addressed to the discretion of the court. If the proposed answer contains a good defense to the action, and defendant be not guilty of laches in making his application, sufficient cause for opening the judgment is shown, and the relief is granted as a matter of right. Lord v. Hawkins, 39 Minn. 73, followed.

Appeal by defendant Hart from an order of the district court for Benton county, Searle, J., denying a motion to vacate a judgment and for leave to answer. Reversed.

*T. H. Salmon*, for appellant.

*Thomas Van Etten*, for respondent.

BROWN, J.

Action to determine adverse claims to real estate. The summons was served by publication under and pursuant to G. S. 1894, § 5204, on the ground that defendants were not residents of the state. A proper affidavit was made and filed, together with a cer-

tificate of the sheriff of the county in which the action was brought to the effect that defendants could not be found therein, and the summons was published in accordance with the provisions of the statute. There was no appearance by any of the defendants, and default judgment was entered for plaintiff July 29, 1899. On September 30, 1899, defendant Hart, upon a proposed answer and affidavit of merits, moved the court to vacate the judgment and for leave to defend. The motion was denied, and defendant appealed. We are not advised upon what grounds, or for what reasons, the learned court below denied the motion. No reasons are given in the order, and we are not otherwise informed. It should have been granted.

Several questions are raised by counsel for appellant, but only one of them need be considered. The rule is well settled by the decisions of this court that in actions where the summons is served by publication the defendant is entitled, upon proper application, as a matter of right, to an order vacating the judgment, and permitting a defense to be interposed. G. S. 1894, § 5206, provides that the defendant shall be let in to defend in such cases when he makes application therefor, and shows sufficient cause; and the decisions of the court are to the effect that an answer setting up a good defense to the action is "sufficient cause" within the meaning of the statute. Lord v. Hawkins, 39 Minn. 73, 75, 38 N. W. 689; Boeing v. McKinley, 44 Minn. 392, 394, 46 N. W. 766; Bausman v. Tilley, 46 Minn. 66, 48 N. W. 459. Such applications are not addressed to the discretion of the court, as are applications made under G. S. 1894, § 5267, as urged by respondent's counsel. If proper application for leave to defend be seasonably made, and be accompanied with an answer setting up a defense to the action, it is granted as a matter of right. This application was made within a week after defendant learned of the judgment, and there are no suggestions of laches on his part.

It is, however, contended by counsel for plaintiff that the answer does not state a defense to the action; but the contention is not sound. The complaint is in the usual form of complaints in actions of the kind, alleges plaintiff's ownership of the land in general terms, and that the defendant claims some interest therein

adverse to plaintiff. The defendant's proposed answer contains (1) a general denial, and (2) facts showing a connected chain of title from the general government, through various persons, to defendant Hart. It does not allege the recording of some of the deeds composing such chain of title, and for this failure plaintiff insists that the answer is defective. Whether the deeds were recorded is not important. An unrecorded deed of real property conveys title, and is valid against all the world except subsequent good-faith purchasers and creditors. G. S. 1878, c. 40, § 21 (G. S. 1894, § 4180). The burden is upon the subsequent purchaser to show that he took his title in good faith, for value, and without notice of the prior unrecorded deed. Bank of Farmington v. Ellis, 30 Minn. 270, 15 N. W. 243; Roussain v. Patten, 46 Minn. 308, 48 N. W. 1122. The proposed answer set up a prima facie valid title to the land in the defendant Hart, and the burden to impeach it was upon the plaintiff. The mere fact that the deeds under which defendant claims title were not recorded is not alone sufficient to defeat his title. In addition to this, the plaintiff must show that he has acquired a superior title, either as a purchaser in good faith from one of the intervening owners or as an execution creditor. Upon the complaint and proposed answer, as they now stand, the defendant would be entitled to a judgment should the plaintiff fail to reply setting up some such superior title.

This disposes of the appeal, and it is not necessary to consider any of the other points made by appellant.

Order reversed.