W. R. LYNN SHOE COMPANY v. ARTHUR J. SCHUNK.[1]

April 26, 1907.

Nos. 15,109—(91).

**Pleading—Meritorious Defense.**

> The proposed answer contains, in part at least, a meritorious defense, and the trial court did not abuse its discretion in permitting respondent to answer and defend the action, the judgment to stand as security.

Appeal by plaintiff from an order of the district court for Goodhue county, Williston, J., opening in part a default judgment and permitting defendant to defend the action on the merits. Affirmed.

*Frederick W. Foot,* for appellant.

*Johnson, Mohn & Mohn,* for respondent.

LEWIS, J.

Appellant, a foreign corporation, on January 10, 1906, commenced this action against respondent to recover $75.60, claimed to have been collected by respondent June 21, 1901, upon a claim sent to him for collection, and for a second cause of action to recover the sum of $150 damages on account of misrepresentations and fraudulent practices of respondent in connection with the collection of the claim. No appearance having been made by respondent, proofs were taken in support of the complaint, and judgment entered therein August 7, 1906, for $286.34. On October 18, 1906, respondent moved to set aside the judgment and for leave to answer, and on October 27, the court granted the motion, permitting respondent to defend the action on its merits, but ordering that the judgment stand as security for appellant's claim to abide the event of the action. The only question before this court is whether the trial court abused its discretion in granting the motion.

The proposed answer, which accompanied the moving papers, alleged that the claim of $67.80, which was sent respondent for collection, was in pursuance of a contract that respondent should incur the necessary expenses in collecting the claim, and should charge reason-

[1] Reported in 111 N. W. 729.

able compensation for himself, and that whatever amount was collected from the debtor should be so applied by respondent; that the total bill of respondent for expenses and compensation in collecting the claim amounted to $99.05, and that no part thereof had been paid, except the amount collected, viz., $73.90, and $15; and that there was still due respondent the sum of $10.15.

Respondent's affidavit in support of his motion to open the judgment states that the summons was served by leaving the same with his wife at his usual place of abode in the city of Red Wing, January 10, 1906; that he was absent from the state until March 12, 1906, and had no notice until March 18 that the summons had been served; that he immediately consulted with Mr. F. M. Wilson, an attorney at law in Red Wing, and hired and retained him to appear in the case and to ask for leave to answer; that Wilson agreed to so appear and represent respondent as his attorney in the case, and take such steps as might be necessary to protect his interests; that respondent then again left the state on business, and did not return until about September 1, 1906, and did not until October 13, 1906, learn that judgment had been entered and an execution issued.

If it appeared that the order of the trial court was based upon the merits of the proposed answer, we should unhesitatingly declare that the court had abused its discretion. The facts set forth in the answer are so manifestly unreasonable and questionable that no court should hesitate a moment upon such a showing as is presented in this record to strike it out as sham. But the judgment included the sum of $135 for damages growing out of the false representations and practices of respondent with respect to the claim sent him for collection, and this demand for damages, having been denied in the proposed answer, was before the trial court for consideration, and certainly to that extent the answer presented a defense.

Mr. Wilson admitted that he had a consultation with respondent with reference to this case about the time stated by him, but denied that he ever agreed to represent him in the matter, or that he was ever retained for any such purpose. Under these circumstances the trial court was called upon to consider the good faith of the efforts made by respondent in moving to set aside the judgment. It stands uncontradicted that he was absent from the state as mentioned, and that upon

his return he immediately consulted the attorney. While the attorney denied that he was retained, it was for the trial court to decide whether or not the respondent might not reasonably have been led to assume that Mr. Wilson would look after his case. It does not clearly appear that respondent again left the state without making any provision for defending the action. He at least made an attempt in that direction. It is uncontradicted that upon his return to this state in September he proceeded with reasonable diligence to employ counsel and have the judgment opened, and we cannot say that the trial court did not exercise reasonable discretion in granting the motion, especially since the judgment was permitted to stand as security during the pendency of the action.

Order affirmed.

JAGGARD, J., dissents.