RENA FINK v. H. C. WOODS and Others.[1]

November 22, 1907.

Nos. 15,319—(72).

**Opening Judgment on Default—Service by Publication.**

A party who applies, within one year after the entry of a default judgment against him on service of the summons by publication only, must be permitted to defend the action as a matter of right, provided his motion is accompanied by an answer setting up a good defense on the merits, and he has not been guilty of laches in making his motion after notice of the pendency of the action or entry of the judgment. Fifield v. Norton, 79 Minn. 264, followed.

**Same.**

In this an action against unknown heirs and parties to determine adverse claims to real estate, it is *held* that the trial court did not err in granting the motion of the heirs for leave to answer and defend after a judgment had been entered by default on service of the summons by publication only.

1 Reported in 113 N. W. 909.

Action in the district court for Hennepin county to determine adverse claims to certain vacant and unoccupied land. The case was tried before F. V. Brown, J., who ordered judgment in favor of plaintiff. From an order, John Day Smith, J., vacating and setting aside the judgment and permitting Clarence H. Woods and Grace Eaton Woods to appear and defend the action, in place of the unknown heirs of H. C. Woods, plaintiff appealed. Affirmed.

*J. B. Phelps,* for appellant.

*Albert E. Norton, Willis I. Norton,* and *Tryon & Booth,* for respondents.

START, C. J.

Action brought in the district court of the county of Hennepin against H. C. Woods, his unknown heirs, and all other unknown persons or parties claiming any title in or lien upon the real estate described in the complaint. The summons was served only by publication, and a default judgment for the relief demanded in the complaint was entered on March 8, 1906. On February 8, 1907, the respondents herein, Clarence H. Woods and Grace Eaton Woods, gave notice of a motion, returnable on the sixteenth of the same month, to set aside the judgment and that they be substituted as defendants for the unknown heirs of H. C. Woods and permitted to serve their proposed answer, which was attached to the moving papers. On March 5, 1907, the trial court made its order granting the motion, from which the plaintiff appealed.

The moving papers show that the respondents are the children and only heirs at law of Hubert C. Woods, designated in the summons and complaint herein as H. C. Woods, who died intestate at Pasadena, California, on February 6, 1899, seised in fee of the land in question; that the respondent Grace is twenty six years of age and resides at Binghampton, New York, and that the respondent Clarence is thirty five years old and resides at Reno, Nevada; that neither of them had any knowledge of the commencement or pendency of this action prior to December 1, 1906; and that their proposed answer states a meritorious defense. The answer admits the allegation of the complaint that the land is vacant and unoccupied, and alleges the death of the father of the respondents, seised of the land, and that ever since his

death they have been the owners in fee thereof, and, further, that the plaintiff claimed some title to or lien on the lot by virtue of certain tax judgments and sales which are void and create a cloud upon the respondents' title. The prayer of the answer is that the respondents be adjudged to be the owners of the land in fee and that the plaintiff's claim thereto is void. The affidavits of the plaintiff and his attorney, filed in opposition to the motion, are to the effect that for the past twenty years no one has paid any attention to the land, or paid the taxes thereon, except as they have been paid by the plaintiff by purchase of the land at tax sales.

The first claim made by appellant is that the court erred in granting the motion of the respondents, because there was no affidavit of merits. The trial court, in its discretion, had the right to dispense with an affidavit of merits. McMurran v. Bourne, 81 Minn. 515, 84 N. W. 338.

The second claim made by the appellant is that the respondents and their ancestor, through whom they claim, were guilty of such laches in looking after their land and paying the taxes thereon as to bar them from any relief in this action. The answer on its face states a meritorious and legal defense, eliminating the prayer for affirmative relief, and the issue so tendered could not be tried on affidavits on a motion to set aside the judgment. If the granting or refusing of the motion in this case were a matter wholly within the discretion of the trial court, it would have the right, in exercising such discretion, to take into consideration the conduct of the defendants as to the subject-matter of the action. Such, however, is not this case.

The rule is well settled that a party who has applied, within one year after the rendition of a default judgment against him rendered on a service of the summons by publication only, must be permitted to defend the action as a matter of right, provided his motion is accompanied by an answer setting up a good defense to the action on the merits and he has not been guilty of laches in making his motion. Fifield v. Norton, 79 Minn. 264, 82 N. W. 581. In such case it is the defendant's unexcused laches in making the application after he has notice of the pendency of the suit or of the entry of the judgment which will justify the court in denying the application for leave to answer on the ground of laches. Cutler v. Button, 51 Minn. 550, 53 N. W. 872. It is clear from the record in this case that the respondents were

not guilty of such unexcused laches in making their application as to require the trial court to deny it. On the contrary, the order granting the application was right.

Order affirmed.