## GEORGE F. LONG v. CHARLES A. LONG and Others.[1]

November 18, 1910.

Nos. 16,743—(58).

**Vacating judgment — application by purchaser.**

One who, after a judgment against a defendant in an action to quiet title, purchases defendant's title, succeeds to all his interest and rights, and may properly apply for a vacation of the judgment.

**Same.**

In such case the applicant's rights are those the original defendant would have had, if the application had been made by him.

**Defendant's right to defend.**

Where judgment is entered by default upon substituted service of summons, a defendant is entitled as a matter of right to have the judgment opened and be allowed to defend upon application, if made within one year, unless by his laches he has lost such right.

**Review of question of loss of right.**

The claim that defendant's right has been so lost is addressed to the discretion of the court in which the judgment was entered.

Action in the district court for Itasca county to quiet title to certain land. Defendant Charles A. Long gave notice of motion, to be made on February 3, 1909, to open the judgment entered in the action and permit him to appear and defend the action on the

[1]Reported in 128 N. W. 464.

---

[Note] Who may have judgment against other parties set aside, see note in 54 L.R.A. 758.

ground the summons was not personally served upon him; that he had no notice of the action and had a good and substantial defense. After the submission of the motion but before its determination, on November 5, 1909, L. W. Huntley obtained an order to show cause why he should not be allowed to appear and defend. The plaintiff moved that Charles A. Long and L. W. Huntley be compelled to elect whether they would proceed under the motion of Long or the application of Huntley, and the motion was denied, Wright, J. The judgment was vacated, L. W. Huntley was substituted in place of Long and permitted to interpose his proposed answer. From this order, plaintiff appealed. Affirmed.

*Savage & Purdy,* for appellant.

*Thwing & Rossman,* for respondents.

O'BRIEN, J.

Plaintiff brought this action to quiet title. The complaint was filed June 24, 1908. Defendant Charles A. Long was a nonresident, and service was made upon him by publication; the last publication September 17, 1908. Findings were made and judgment in favor of plaintiff was entered November 5, 1908. During this time L. W. Huntley secured the address of defendant Charles A. Long and entered into negotiations with him for the purchase of his interest in certain portions of the land involved in the action. On December 2, 1908, Huntley wrote a letter to the plaintiff's attorneys which contained the following: "I have just purchased of Charles A. Long certain lots in the Syndicate division of Grand Rapids, list attached, all or a major portion your client, Mr. George F. Long, purchased at November, 1907, tax sale. * * *" Then follows a suggestion for some settlement of their claims.

On January 25, 1909, taking the date from one of the affidavits in the record, a motion in the name of defendant Long was made to open the judgment, and supported by his affidavit. The affidavit was dated December 23, 1908, and on the same day defendant Long executed a deed to Huntley of his interest in the property. The motion does not appear to have been brought on for hearing, and on November 5, 1909, there was issued an order to show cause why

112 M.—26.

Huntley should not be substituted for defendant Long, and the judgment opened, and he allowed to answer. The record shows that, at the time of the purchase by Huntley and the making of the affidavit by Long, they both had knowledge of the judgment. Upon the hearing of this order plaintiff moved that Huntley be required to elect whether to proceed upon the motion of Charles A. Long or upon his present application. This motion was denied, and an order made vacating the judgment as to Charles A. Long, substituting L. W. Huntley as defendant in place of Long, and permitting him to answer.

It is contended by plaintiff that Huntley was a stranger to the judgment and that the subsequent purchase by him of Long's interest in the land gave him no standing or right to apply for a vacation of the judgment, and that defendant Long, having parted with his title December 23, 1908, had no longer any interest in the subject-matter of the suit, and therefore could not be heard. Counsel has cited decisions of other states which support his position. Powell v. McDowell, 16 Neb. 424, 20 N. W. 271; Browne v. Palmer, 66 Neb. 287, 92 N. W. 315; Ward v. Montclair, 26 N. J. Eq. 260; 1 Freeman, Judgments, § 91.

This, however, is a question which involves the construction of the statutes of this state, and we think the question is foreclosed by the previous decisions of this court to the effect that one who purchases from the defendant in an action affecting the title to real property, after the entry of judgment against such defendant, acquires his interest and rights as they are, and may make an application under the statute to have the judgment opened, and, if the application is granted, defend upon the merits. Boeing v. McKinley, 44 Minn. 392, 46 N. W. 766; Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108. In the Kipp case it was held that such purchaser occupied the same position as would the original defendant, had the application been made in his name.

We have only, therefore, to consider what would have been defendant Long's rights, had no conveyance been made by him, and had the application to vacate the judgment been made by him. If such had been the case, there can be no doubt that the order vacating the

judgment would be sustained. The trial court expressed the opinion that under all the circumstances of the case proper diligence was shown.

Under section 4113, R. L. 1905, the granting of such relief is a matter of right, unless it is shown that the applicant has been guilty of laches. The claim that laches were shown was addressed to the discretion of the court, and we feel we would not be justified in setting aside the finding upon that question.

Order affirmed.