# MICHAEL J. DOHERTY v. WILLIAM RYAN and Others.[1]

November 28, 1913.

Nos. 18,352—(213).

**Action for partition — opening judgment.**

1. In opening an interlocutory judgment in an action for partition and granting leave to answer upon the application of a nonresident, served with summons by publication, the court may impose terms under section 7739, G. S. 1913, although the applicant has not been guilty of laches.

**Same — imposing onerous terms on nonresident.**

2. But the court is not authorized to impose terms which deprive such applicant of any substantial right as claimed under the issues of his proposed answer, or terms which are burdensome, in a case where there is no laches and the application is made within the year after entry of judgment.

**Same.**

3. The terms or conditions imposed by the court examined and *held* to conflict with the above rule.

**Issues raised by proposed answer.**

4. Upon the hearing of the application to have a judgment opened as a matter of right under the section cited, the court should not try the merits of the issues presented by the proposed answer.

Defendant Cannon moved the district court for Ramsey county to open the judgment in the above entitled action, and for leave to file and serve his answer to the complaint therein, and obtained an order requiring plaintiff and the defendants other than himself to show cause why the judgment should not be opened and he be allowed to defend. The motion was heard before Kelly, J., who granted it upon terms. From the order, defendant Cannon appealed. Reversed.

R. A. Walsh, for appellant.

Frederick G. Ingersoll and Michael J. Doherty, for respondents.

[1] Reported in 144 N. W. 140.

HOLT, J.

Action in partition. The complaint sets out that plaintiff is the owner of an undivided one-half of a lot in the city of St. Paul; that the lot is worth $3,000; that various defendants named have undivided interests therein, among whom is the defendant Michael Cannon, claiming, as sole heir of Honora Cannon, his deceased wife, an undivided one twenty-eighth interest which she derived from her father Thomas Fitzgerald, who died seized of an undivided one-fourth of the lot; also that said Michael Cannon claims to be the owner of an undivided three-fourths of the lot acquired by said Honora Cannon in her lifetime through a tax sale, but avers that such title is invalid; and further that the city of St. Paul holds a judgment upon an assessment against the lot for the grading of a street in the sum of $272.43. Four different attorneys appeared for seven of the defendants owning undivided interests, besides the city attorney for the city of St. Paul. Service upon the defendant Michael Cannon, a nonresident, was by publication. A trial was had. The court made findings that plaintiff was the owner of an undivided one-half of the lot subject to the lien of the city, that the property was so situated that a division could not be had without a material injury to the owners and ordered judgment appointing two referees to make a sale of the lot, to pay from the proceeds of the sale the expenses thereof and the costs of the action, then the lien of the city and any taxes and assessments coming due since the commencement of the action, then to pay plaintiff one-half of the balance remaining and bring the other half into court to abide the result of the further litigation between defendants. Pursuant to this decision a judgment was entered November 11, 1912. On May 10, 1913, Michael Cannon moved the court to open the judgment and for leave to answer on the ground that he had been a nonresident of the state during the pendency of the action and had no knowledge thereof until May 6, 1913. The court granted the motion conditionally. Michael Cannon appeals and assigns as error the court's action in imposing unjust terms as a condition upon which the default was to be opened.

The appellant was permitted to answer upon compliance with one

of these three conditions: (a) He must file a stipulation to accept and abide by the judgment already entered in so far as it had been executed by a sale of the lot, or (b) he must pay into court for disposition in this action a sum of money sufficient to defray all the expenses of said sale, including the fees yet to be allowed by the court to the referees who made the sale under the judgment, and paying $10 costs to the attorneys for the plaintiff and defendants who appeared, except the city of St. Paul, or (c) he must file a stipulation disclaiming any right, title and interest in the undivided one-half of the lot decreed by the judgment to be in plaintiff and litigate with defendants his title to the other undivided one-half on paying $10 costs to the attorneys of the defendants (except the city of St. Paul) who have appeared.

In determining whether these terms are just it must be borne in mind that the application to open the judgment and for leave to answer is by a nonresident upon whom summons was served by publication and who has been guilty of no laches.

Appellant contends that the judgment sought to be opened is not a final judgment, therefore the court was not authorized under section 7739, G. S. 1913, the statute governing this case, to impose any terms. Without deciding that the court on an application to remove a default before the entry of judgment under this statute is powerless to annex terms in granting the same, we are clear that the judgment herein entered was such a judgment that the court in opening it was authorized to impose "such terms as may be just."

In considering whether the terms fixed by the court are just, the fact must not be lost sight of that appellant had the absolute right to have the judgment opened and the issues presented by his proposed answer tried. He was a nonresident. The only service of summons upon him was by publication. No attempt was made to show his knowledge of the pendency of the action before he moved. He was guilty of no laches whatever. The following cases fully sustain his right to defend: Frankoviz v. Smith, 35 Minn. 278, 28 N. W. 508; Lord v. Hawkins, 39 Minn. 73, 38 N. W. 689; Nye v. Swan, 42 Minn. 243, 44 N. W. 9; Bausman v. Tilley, 46 Minn. 66, 48 N. W. 459; Fifield v. Norton, 79 Minn. 264, 82 N. W. 581; Fink v.

Woods, 102 Minn. 374, 113 N. W. 909; Long v. Long, 112 Minn. 400, 128 N. W. 464, 140 Am. St. 495; and DeLaittre v. Chase, 112 Minn. 508, 128 N. W. 670. In Fifield v. Norton, supra, it is said with reference to. opening a default where summons is served by publication: "If proper application for leave to defend be seasonably made, and be accompanied with an answer setting up a defense to the action, it is granted as a matter of right."

The first option of terms given appellant might not be unreasonable if it were true, as the learned trial court seemed to think, that a sale was inevitable and it could be said that appellant's opportunity to be present at the sale was of no consequence to him. No reason is now apparent for holding that section 8042 makes a sale mandatory in cases where liens exist, but so conceding without deciding, the answer tendered by appellant did not admit any liens. In so stating we do not overlook the infirmity in appellant's denial upon information and belief of the existence and force of the city's assessment lien or judgment. Wheaton v. Briggs, 35 Minn. 470, 29 N. W. 170; Smalley v. Isaacson, 40 Minn. 450, 42 N. W. 352. However, the allegation, unless stricken as sham, raised an issue upon which appellant was entitled to be heard. It may also be suggested that an opportunity of a tenant in common to be present at a partition sale is a very valuable right. He may by bidding prevent the property going to others at a sacrifice.

We also consider the second condition too harsh. Appellant is not at fault, and demands nothing but what the statute gives him. Under that situation he should not be required to pay a large sum of money before he is permitted to protect his interests in the property involved. If he pays the amount exacted he can never recover the same, even if he succeeds as to all he claims in the litigation. But in saying this we do not intimate that the court, under the section cited, may not impose such terms on a nonresident who, even without laches, applies to open a judgment as a matter of right, that the holder of the judgment may be protected against loss for disbursements incurred up to the time of its opening, in the event the applicant should fail to maintain his rights.

The third option of terms is obviously unjust. Appellant claimed

to be owner of an undivided three-fourths of the lot. If that be so he is compelled to yield up one-third of his interest therein in order to protect his rights to the remainder and in addition pay heavy costs to the other defendants.

It is undoubtedly true that the court was influenced in making these terms by knowledge gained in the trial already had, and we are not saying that it is improper to make use of this knowledge in determining what terms may be just. But in a case where the applicant to have a judgment opened is entitled to the relief and is without fault, he should not as a condition to obtaining the relief be compelled to forego any legal right claimed under the issues as made by the answer proposed. The court is not to try these issues upon the hearing of the application nor prejudge the applicant's defense upon the evidence received at the trial in which he was not represented. "The answer on its face states a meritorious and legal defense, eliminating the prayer for affirmative relief, and the issue so tendered could not be tried on affidavits on a motion to set aside the judgment." Fink v. Woods, supra. Neither can we attach any importance to the suggestion that appellant's title is doubtful for the reason that a tenant in common is not in a position to acquire a tax title as against his cotenant; for appellant in the proposed answer does not admit that either he or Honora Cannon, through whom he claims, had any interest in the lot when the tax title was acquired. He bases his interest in the lot entirely upon the tax title.

The order is reversed and the cause is remanded with direction to grant appellant's application on such terms as may be just.