## STANDARD LITHOGRAPHING & PRINTING COMPANY v. TWIN CITY MOTOR SPEEDWAY COMPANY.[1]

November 9, 1917.

No. 20,555.

**Insolvency — petition to file claim — discretionary order.**

1. In an application by a receiver of an insolvent corporation to present for allowance a claim against another insolvent corporation, also in the hands of a receiver, made after the expiration of the time limited for the presentation of claims against it, the court properly considered the merits of the claim sought to be presented, especially since the same could be determined from an inspection of written contracts not in dispute, so that there was no occasion to pass upon conflicting affidavits.

**Same.**

2. While, perhaps, the court was not justified in finding that the receiver who made the application had not personally used due diligence in the matter, the showing suggests a situation where the creditors and the stockholders of his insolvent, because of lack of diligence or want of right, are not in position to assert the claim sought to be presented.

**Same.**

3. The order denying the application is a discretionary order, and no abuse of judicial discretion is made to appear.

The motion of Charles S. Kidder, as receiver of Sperry Realty Company, insolvent, to relieve him from his default and permit him to file a claim and complaint in intervention in behalf of that company in the above entitled action in the district court for Ramsey county, was objected to by one of the stockholders of the Twin City Motor Speedway Company. The motion was heard by Kelly, J., and denied. From the order denying the motion, Charles S. Kidder, as such receiver, appealed. Affirmed.

*Orr, Stark & Kidder,* for appellant.

*Lancaster, Simpson & Purdy* and *L. E. Meichen,* for respondent.

[1]Reported in 164 N. W. 986.

HOLT, J.

A receiver was appointed to wind up the affairs of the Twin City Motor Speedway Company, hereinafter referred to as the Speedway Company, a corporation, and an order was made and filed September 1, 1916, requiring creditors to present their claims for allowance within six months from that date, or be barred from participating in the funds to be collected in the proceeding. The next month an assessment of 100 per cent was ordered against all the stockholders. On June 10, 1916, a judgment creditor of the Sperry Realty Company, hereinafter called the Realty Company, a corporation, began a suit to have a receiver appointed for that company, an execution on the judgment having been returned unsatisfied. In that proceeding appellant was duly appointed receiver and qualified July 3, 1916. On April 12, 1917, appellant obtained an order requiring the receiver of the Speedway Company to show cause why the appellant should not be permitted to present and have allowed a claim, held by the Realty Company at the time of its insolvency, against the Speedway Company, notwithstanding that the time fixed for presenting claims had expired. The court denied the application and discharged the order to show cause, on the grounds that appellant had not used due diligence in discovering the claim, and also on the ground that the claim had been wiped out more than five months prior to appellant's appointment as receiver, and that fact was good and sufficient reason for appellant's ignorance of the existence of any claim. From such order this appeal is taken.

Two legal propositions bearing upon the decision herein are accepted by all parties as settled. The one is, that we cannot reverse the order unless an abuse of judicial discretion is made to appear. See cases cited in 1 Dunnell, Minn. Dig. § 399. And the other is, that the court is not to determine upon conflicting affidavits the merits of a claim or defense in an application to set aside a default. Lathrop v. O'Brien, 47 Minn. 428, 50 N. W. 530; McMurran v. Bourne, 81 Minn. 515, 84 N. W. 338; Queal & Co. v. Bulen, 89 Minn. 477, 95 N. W. 310; Fink v. Woods, 102 Minn. 374, 113 N. W. 909; Doherty v. Ryan, 123 Minn. 471, 144 N. W. 140.

But whether a default is to be removed and the party permitted to make his defense or assert his claim in an action or legal proceeding,

depends largely upon the showing made as to due diligence and the existence of a meritorious defense or claim. The court does not abuse judicial discretion when a party is refused the opportunity, after the given time has elapsed, to litigate a claim which has ceased to exist, or which is inequitable, or of no legal merit. The cases already cited so indicate, and still more to the point are: St. Paul Land Co. v. Dayton, 39 Minn. 315, 40 N. W. 66; Town of Hinckley v. Kettle River R. Co. 70 Minn. 105, 72 N. W. 835; McClymond v. Noble, 84 Minn. 329, 87 N. W. 838, 87 Am. St. 354; Neff v. Clark, 95 Minn. 1, 103 N. W. 562, a case in certain features resembling the one at bar; and W. R. Lynn Shoe Co. v. Schunk, 101 Minn. 22, 111 N. W. 729. It is true, that it could not well be held upon the showing here that appellant personally was guilty of any neglect in failing seasonably to discover the claim he seeks to assert, or that there was lack of diligence in applying for relief after discovery thereof. But he acts here in a representative capacity and his personal knowledge or conduct is not alone decisive of the question. The probability of the legal existence of the claim presented, as already stated, may properly be considered, so also may the situation, knowledge and conduct of those whom appellant represents, namely, the creditors and stockholders.

The claim of appellant as exhibited in his proposed complaint is upon a written contract by which the Realty Company was employed by the Speedway Company to erect a speedway for the latter. The Speedway Company agreed to pay all the bills for labor and materials used in the construction, and, as compensation to the Realty Company, 10 per cent of the actual costs of such labor and materials. It is alleged that the speedway was constructed at the total cost of $577,000, and hence $57,700 became due the Realty Company, no part of which has been paid. Respondents, in presenting objections to the granting of appellant's application, did not deny the execution or performance of the contract, but set forth a subsequent contract executed in January, 1916, by the Realty Company, whereby the claim arising under the former and all other claims of the Realty Company were discharged and settled. The execution and delivery of this second document were not put in issue, nor did appellant deny that the Speedway Company had entered upon the performance of its provisions or assert that there had not been full performance. The

here material part of the second agreement or release reads as follows:

"WE THE UNDERSIGNED, the Sperry Realty Company, by James F. Sperry, its President, and Albert A. Petit, its Secretary, duly authorized as such officers to execute this instrument, for and in consideration of certain of the capital stock of the Twin City Motor Speedway Company, which may be hereafter issued to it or James F. Sperry, its assignee, or to his associates, Henry E. L. Habighorst, Charles W. Van Orsdol or Orin Kellogg, in such amounts as the stockholders have heretofore determined and upon the conditions prescribed by said stockholders that the said Twin City Motor Speedway Company shall adjust and settle with its creditors and with the creditors of the Sperry Realty Company, with its Three Hundred and Fifty Thousand Dollars ($350,000.00) of First Mortgage Bonds and certain cash advances made by Frank H. Wheeler, James F. Sperry, Henry E. L. Habighorst and Charles W. Van Orsdol, the said Sperry Realty Company, subject to the above conditions, does hereby discharge and release the said Twin City Motor Speedway Company from any claim or liability whatsoever of any kind or description to the Sperry Realty Company for and on account of any and all contracts heretofore entered into by said Twin City Motor Speedway Company with said Sperry Realty Company for the construction of the Speedway, grandstands, fences and other construction work, which contract was awarded to the Sperry Realty Company for the consideration of costs of material furnished and labor performed, plus ten per cent (10%), and you are hereby authorized to settle with the creditors of the Sperry Realty Company direct or otherwise as you deem expedient, for any claims against this company or your company or both by reason of the construction of said Speedway" * * *.

The issue presented by the application of appellant and the objections thereto became principally one of law concerning the validity and effect of the instrument quoted from. There was therefore no violation of the rule that in applications to remove a default the merits of the claim should not be determined upon conflicting affidavits. We cannot sustain the contentions of appellant that the release is prima facie void, or fraudulent, or without consideration.

It may be noted that the sequestration proceeding in which appellant

was appointed receiver was not instituted until many months after the execution of the second instrument or release. The record does not indicate that the creditors which appellant may now represent became such prior to the execution of the release. The document recites that the president and secretary of the Realty Company were duly authorized to execute the same, and there is nothing to suggest the contrary. Therefore the board of directors and, in all probability, all the stockholders knew about both contracts mentioned. The name of appellant's insolvent would indicate one of those small business corporations wherein all the stock is owned by the officers thereof. For aught that appears the interests of neither the creditors nor of the stockholders represented by appellant are such that he can raise any legal objections to the validity of the release.

Upon the whole record as presented we are unable to hold that there was an abuse of judicial discretion in the order under review.

Order affirmed.