## W. E. SUHRING COMPANY v. ALICE M. STAFFORD AND OTHERS.[1]

March 26, 1926.

No. 25,132.

**Statute applicable to foreclosure of mechanics' liens.**

1. G. S. 1923, § 9236, is applicable in actions to foreclose mechanics' liens.

**When mortgagee not personally served with summons is entitled to have judgment in mechanics' lien case vacated.**

2. A mortgagee upon whom service has been made by publication and who has not appeared, applying within one year after judgment, not being guilty of laches and tendering an answer constituting "sufficient cause" because it states a good defense, is entitled to have the judgment vacated and be given permission to serve and file her answer.

**Right of such mortgagee not affected by fact she has foreclosed and obtained title to property.**

3. The fact that such mortgagee has bought the property on foreclosure of her own mortgage and time for redemption has expired does not take away her right to litigate the question of priority or other material issue with other lienholders.

**Terms imposed by trial court were unreasonable.**

4. The court may impose "such terms as may be just" as a condition to the right to relief under the statute. Terms stated in the opinion as requested by appellant were unreasonable and harsh.

**Terms in order construed as surplusage.**

5. Terms in an order granting such relief, to be fixed by the trial (another) court at the time of trial on the merits, construed as surplusage and without legal effect.

Judgments 34 C. J. p. 424 n. 38; p. 426 n. 48; p. 427 n. 52.
Mechanics Liens 27 Cyc. p. 439 n. 55.

[1]Reported in 208 N. W. 136.

Action in the district court for Hennepin county to foreclose mechanics' liens. The court, Bardwell, J., granted the application of Octavia C. Smith, mortgagee, to vacate the judgment and for leave to answer. T. H. Miller and Minneapolis Plumbing Company, lien claimants, appealed. Affirmed.

*Wright & Wright* and *Durham & Lystad*, for appellants.

*D. E. La Belle*, for respondent.

WILSON, C. J.

This is an appeal from an order granting respondent leave to answer. She held a mortgage on property against which plaintiff and two defendants had mechanics' liens. The action was to foreclose the liens. Lis pendens was filed August 15, 1922. Trial was had in December, 1923. Judgment was entered May, 1924. Sale was had on July 7, 1924. No redemption was made. Respondent was made a defendant and service was made upon her by publication upon the theory that she was a nonresident. She was in fact a resident of Minneapolis. She foreclosed her mortgage on December 31, 1923, by advertisement. No redemption was made. After the expiration of the year for redemption from the mortgage foreclosure sale respondent made her motion to vacate and for leave to answer.

Respondent sought an opportunity to defend pursuant to G. S. 1923, § 9236. She might well have appeared specially and asked to have the judgment vacated for want of jurisdiction. She did not. She saw fit to voluntarily submit to the jurisdiction of the court by invoking its relief in permitting her to come in and defend. She applied "within one year after judgment." The statute applies to actions in partition, Doherty v. Ryan, 123 Minn. 471, 144 N. W. 140; to actions to determine adverse claims, DeLaittre v. Chase, 112 Minn. 508, 128 N. W. 670; Fifield v. Norton, 79 Minn. 264, 82 N. W. 581; to actions to quiet title, Long v. Long, 112 Minn. 400, 128 N. W. 464, 140 Am. St. 495; Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108. We see no reason why it is not applicable to actions to foreclose mechanics' liens. The fact that by her foreclosure she had acquired the title and extinguished her debt (Lawton v. St.

Paul P. L. Assn. 56 Minn. 353, 57 N. W. 1061; American B. & L. Assn. v. Waleen, 52 Minn. 23, 53 N. W. 867) does not take away her right to litigate the question of priority or any other material issue with other lienholders. She tendered a proposed answer which stated a good defense and constituted "sufficient cause." She was not guilty of laches. Doherty v. Ryan, 123 Minn. 471, 144 N. W. 140. The claim of laches is addressed to the discretion of the trial court and in this case there is no basis for challenging its conclusion. Respondent was entitled to be heard as a matter of right. Fifield v. Norton, supra; Long v. Long, supra.

The court properly granted respondent's motion, but in a memorandum suggested that the trial court, in case respondent prevailed in priority over the lien claimants, make an order giving the lien claimants a reasonable time in which to redeem from the mortgage foreclosure sale. The time for redemption cannot be extended. Dun. Dig. § 6392. Two of the lien claimants moved for an amended order requiring respondent to procure an order vacating the mortgage foreclosure or execute and deposit with the clerk a deed of the premises with instructions to deliver upon their paying the amount respondent had in the property. The court made this order:

"Ordered that said order filed on the 22nd of April, 1925, in the above matter be and the same is hereby amended by adding the following: 'Ordered that said motion be and the same is hereby granted upon such terms and conditions as may be imposed by the trial court at the time of the hearing on the merits as may seem wise, equitable and just to the trial court at such hearing'."

Under the statute the court could impose terms incident to being permitted to defend. Appellants' requests were unreasonable and harsh. Doherty v. Ryan, supra. The court properly refused them. The court did not impose any terms. It was unnecessary. It could not make the order conditional on such unknown terms as the trial court might impose. The party is entitled to know the terms when the order is made. Plaintiff might wish to appeal. The terms relate to the right to file the answer and be heard. They do not relate to the merits of the case and cannot be governed thereby.

The amendment must be regarded as surplusage without legal effect. The result is that the judgment of foreclosure of the liens has been vacated and the respondent has been permitted to serve her proposed answer and defend as to her rights upon the merits.

Affirmed.