THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELMER H. LEMON, District Attorney of Orange County, Respondent, v. MILDRED ELMORE, Defendant, Impleaded with SALVATORE CAPARBO, Appellant, and Others.

Order denying motion to dismiss complaint affirmed, with ten dollars costs and disbursements. While that part of the act (Laws of 1927, chap. 670, as amd. by

Laws of 1928, chap. 266) which provides for the infliction of a penalty and a forfeiture may be unconstitutional, that part thereof which empowers the court to restrain the nuisance is valid. Lazansky, P. J., Young and Hagarty, JJ., concur; Scudder, J., with whom Carswell, J., concurs, dissents and reads for reversal.

Scudder, J. (dissenting). The action was brought under the Public Health Law (Art. 17-A)█ for an injunction restraining the use of premises owned by defendant, appellant, as a house of prostitution. The owner leased the premises to one Elmore, whose conviction of a misdemeanor for conducting a disorderly house in said premises was recently affirmed by this court.█ It is alleged in this action that said Elmore used said premises for said illegal purpose and that she maintained a nuisance, of all of which this defendant had knowledge. Article 17-A of the Public Health Law, as amended in 1928, provides that the Supreme Court in an equity action must grant a temporary injunction, if the allegations upon a hearing be sustained, restraining the continuance of the nuisance (§ 343-c). If the existence of the nuisance is established in the action, or in a criminal proceeding, an order of abatement " shall be entered " which shall direct the removal and sale of all fixtures, furniture, etc., used in conducting the nuisance, and " shall " direct the closing of the building for one year (§ 343-q). If the owner pays all fees and a " penalty tax " of $300 (§ 343-w) and files a bond in the " full value of the property," the court may order the property delivered to the owner (§ 343-v). The defendant, appellant, attacks the constitutionality of the law upon several grounds: (A) The statute seeks to impose a penalty without jury trial. (B) It attempts to accomplish a forfeiture of property without jury trial. (C) It is criminal in its nature and deprives defendant of a jury trial. (D) It violates the New York Constitution and the Fourteenth Amendment of the Constitution of the United States. (E) It deprives defendant of property without due process of law. (F) It violates article 6 of the New York State Constitution and section 1 thereof, in that it impairs the discretion of the New York Supreme Court. Nearly all the States of the Union have passed similar laws. In a number of States the constitutionality of the law has been litigated. Most of these States have followed the lead of Minnesota in *State ex rel. Wilcox* v. *Ryder* (126 Minn. 95; 5 A. L. R. 1449) and have declared their respective laws valid. New Jersey, however, in *Hedden* v. *Hand* (90 N. J. Eq. 583; 107 Atl. 285; 5 A. L. R. 1463), has declared the statute of that State unconstitutional. There appears to have been some doubt in the mind of the court in the Minnesota case (*supra*) as to one section of the law at least. It was said they were not required to decide the validity of that portion of the law relating to the owner of the premises obtaining a release by payment of all costs of the proceedings and giving a bond looking to abatement. The opinion reads: " We are not now required to determine the validity of this part of the section. It relates merely to a collateral matter, and, if void, would not affect the other provisions. *It is unnecessarily drastic, and probably invalid.* See *Doherty* v. *Ryan*, 123 Minn. 471, 144 N. W. 140." Valued precedents for the principles involved in the instant case are found in *Colon* v. *Lisk* (153 N. Y. 188, affg. 13 App. Div. 195). In that case the Court of Appeals deemed extended discussion unnecessary in view of the " exhaustive and satisfactory examination by the court below." The case involved the constitutionality of a New York statute that provided for the summary seizure of

any vessel used by one to interfere with another's oyster beds. There was no provision for a jury trial. The late Judge Hatch, who wrote the opinion for this court, in referring to *Lawton* v. *Steele* (152 U. S. 133), said that in that case "the authority of the Legislature did not pass unchallenged, and the reasoning which supported it was subjected to criticism, as is evidenced by the strong dissent in the Supreme Court, and the reasoning of the prevailing opinion clearly shows that such authority would not be sustained where the property upon which the act would operate was of substantial value" (p. 202). " It cannot be doubted that a forfeiture of property for a prohibited act is a penalty for committing the act. * * * A diligent search will show that in nearly all, if not all, of the statutes of this State, where a penalty has been imposed which may be enforced against the property of the individual, the remedy is uniformly by action, *where the party has the right to a trial by jury*, except in those cases and some others to be hereafter noted, where, as we have seen, summary destruction of property is permissible " (p. 203). " But where a proceeding is authorized which may result in a judgment that operates upon the property of the individual, either by way of forfeiture or by means of execution, the uniform rule of law has always been that, *before such judgment can pass, the individual is entitled to a jury trial*, unless he waives the same " (p. 204). " We are, therefore, of opinion that this act, so far as it provides for a determination of the question of forfeiture by the justice without the intervention of a jury, is within the prohibition of the Constitution, and repugnant thereto as authorizing the divestiture of property of the individual without due process of law, and in violation of his right to a trial by jury " (p. 206). The United States Supreme Court in *Lawton* v. *Steele* (*supra*) had under consideration a New York statute which provided that any fish net set in violation of any law for the protection of fish is declared a " public nuisance, ' and may be abated and summarily destroyed by any person ' " without being subjected to an action for damages. " If the nets were being used in a manner detrimental to the interests of the public, we think it was within the power of the Legislature to declare them to be nuisances, and to authorize the officers of the State to abate them " (p. 139). After giving examples of the power assumed by Congress to destroy property used unlawfully, the court say (p. 140): " *In all these cases, however, the forfeiture was decreed by judicial proceeding.* But where the property is of little value, and its use for the illegal purpose is clear, the Legislature may declare it to be a nuisance, and subject to summary abatement. Instances of this are the power to kill diseased cattle; to pull down houses in the path of conflagrations; the destruction of decayed fruit or fish or unwholesome meats, or infected clothing, obscene books or pictures, or instruments which can only be used for illegal purposes. * * * If the property were of great value, as, for instance, if it were a vessel employed for smuggling or other illegal purposes, it would be putting a dangerous power in the hands of a custom officer to permit him to sell or destroy it as a public nuisance, and the owner would have good reason to complain of such act, as depriving him of his property without due process of law. But where the property is of trifling value, and its destruction is necessary to effect the object of a certain statute, we think it is within the power of the Legislature to order its summary abatement." The court then referred to the value of the nets at fifteen dollars apiece, and said the cost of condemning one would largely exceed the value of the net, and the State would be deterred in many cases because of the expense. The State ought not to be " ham-

pered in its enforcement by the application of constitutional provisions which are intended for the protection of substantial rights of property. It is evident that the efficacy of this statute would be very seriously impaired by requiring every net illegally used to be carefully taken from the water, carried before a court or magistrate, notice of the seizure to be given by publication, and regular judicial proceedings to be instituted for its condemnation." At page 142 the opinion reads: " A house may not be torn down because it is put to an illegal use, since it may be as readily used for a lawful purpose, (*Ely* v. *Supervisors*, 36 N. Y. 297)." The United States Supreme Court affirmed the New York Court of Appeals, holding the statute constitutional. Fuller, Ch. J., Field and Brewer, JJ., dissented. *Mugler* v. *Kansas* (123 U. S. 623) and other cases relating to the illegal possession of liquor are cited by respondent. It seems to me that such cases can be distinguished from the disorderly house cases, because in the liquor cases the act of possession of something which the law does not recognize as property, in the sense that it is outside the law, is the basis of the action, whereas in the disorderly house cases it is not that the property itself is illegal: the violation of the law lies in the use of property. The possession of the house and furnishings is not contrary to any constitutional provision, and such property may as well be used for innocent purposes as for illegal purposes. In the light of the statement of Judge Hatch in the *Colon Case* (*supra*), with reference to the right of a jury trial in that case, I do not see how we can properly say that the property of this appellant can be taken under the Public Health Law and sold by the sheriff without giving the appellant the right of a jury trial. The statute clearly authorizes " the divestiture of property of the individual without due process of law " and is, therefore, unconstitutional. Nor is such a conclusion contrary to the ruling in *Lawton* v. *Steele* (*supra*), for even in that case the United States Supreme Court said that a house may not be torn down because illegally used. What is the difference in principle between tearing down a house for an illegal use and closing it for a year (thereby depriving the owner of its use and income) and selling furniture used in the same house in connection with the same illegal acts? In both cases the owner has lost his property, although in the latter case his loss lasts only for a year, at which time it may be restored to him. It would seem that the *Lawton* case turned upon the value of the property. There the property destroyed was fish nets of little value. In the case at bar, there is no evidence of value, but it is easy to imagine a house furnished with works of art and furniture of great value. The closing of the house for a year and the imposition of the $300 fine are mandatory. Equity is denied the right to exercise discretion. Such provisions are penalties. Assuming that the Legislature has the power to close a house of ill fame by statutes declaring such a place a public and common nuisance, " the destruction of the building and its furniture is not necessary to its abatement."· (*Ely* v. *Supervisors*, 36 N. Y. 297, 300.) Under the law, it seems to make no difference what the value of the furnishings are; they must be forfeited and sold. Equity is directed to deal with the matter, but is denied any discretion. This is an unconstitutional interference with the judicial discretion of equity courts. Not only is equity denied any discretion as to the sale of the furnishings, but it must close the premises for one year. Equity is not permitted to use any discretion and close the premises for one or two months, or any other time except one year. Such a statute is unconstitutional. (12 C. J. 826, n. 72; *Riglander* v. *Star Company*, 98 App. Div. 101; affd., 181 N. Y. 531.) The Legislature

has called the $300 a " penalty tax " and the law reads that the " imposing cf said tax shall be made by the court as a part of the judgment." (Public Health Law, § 343-w.) " The mere use of the word ' tax ' in an act primarily designed to define and suppress crime is not enough to show that within the true intendment of the term a tax was laid. * * * When by its very nature the imposition is a penalty, it must be so regarded. * * * It * * * clearly involves the idea of punishment for infraction of the law — the definite function of a penalty." (*Lipke* v. *Lederer*, 259 U. S. 557, 561.) " A forfeiture of property for a prohibited act is a penalty for committing the act." *In such cases* " the remedy is uniformly by action, where *the party has the right to a trial by jury*." (*Colon* v. *Lisk*, 13 App. Div. 195, 203.) Again (at p. 204) Judge Hatch said: " But where a proceeding is authorized which may result in a judgment that operates upon the property of the individual, either by way of forfeiture or by means of execution, the uniform rule of law has always been that, before such judgment can pass, the individual is entitled to a jury trial, unless he waives the same." In *Hudson* v. *Caryl* (44 N. Y. 553) it was held that in an action to abate a nuisance and recover damages occasioned thereby, trial by jury is a matter of right. I think the statute imposes a penalty without the right of trial by jury; it deprives the defendant of property without due process of law and impairs the discretion of the Supreme Court of this State. For these reasons the law is unconstitutional and the complaint should be dismissed. The prevailing opinion of this court expresses doubt as to the constitutionality of that part of the statute which provides for the infliction of a penalty, but holds valid that part of the act which empowers the court to restrain the nuisance. I do not see the object of holding valid that part of the act which does not change the common-law rights of the parties. If I am correct in my opinion that the law is invalid for the reasons given above, then the act serves no good purpose, for the common law offers every remedy and protection needed in such cases. In making this statement, I am bearing in mind section 343-cc of the act, which provides that if any part of the act be found unconstitutional, such finding shall not invalidate any other provision thereof.

Carswell, J., concurs.