THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELMER H. LEMON, District Attorney of Orange County, Respondent, *v.* MILDRED ELMORE and Others, Defendants, Impleaded with SALVATORE CAPARBO, Appellant.*

Second Department, October 10, 1930.

*Henry Hirschberg,* for the appellant.

*Elmer H. Lemon, District Attorney of Orange county,* relator, in person.

HAGARTY, J.  In this action in equity, the constitutionality of the whole or part of article 17-A of the Public Health Law,

* Modfg. 135 Misc. 151.

added by chapter 670 of the Laws of 1927, in effect on the fifth day of April of that year, as amended by chapter 266 of the Laws of 1928, effective on March 7, 1928, is involved. Because the courts, both original and appellate, are required, in equity actions, to grant judgment according to the situation existing and the respective rights of the parties at the time of judgment and not by that which existed when action was commenced, this court is compelled to likewise consider the amendment made by chapter 373 of the Laws of 1929, effective on April 8, 1929. (See *Randel* v. *Brown*, 2 How. 406; *Mills* v. *Green*, 159 U. S. 651, 653; *Tennessee* v. *Condon*, 189 id. 64, 71.)

The evidence adduced upon the trial supports the findings of the court that the defendants Caparbo, the owner, and Elmore, the lessee, have been using the premises described in the complaint for the purposes of prostitution. These defendants were guilty of maintaining a nuisance within the meaning of the law to which I have referred (§ 343-a) and the order of abatement entered as a part of the judgment properly directed the effectual closing of the building for a period of one year (§ 343-q). The question of the constitutionality of that part of the law which empowers the court to restrain the nuisance was reviewed by this court upon appeal from an order entered upon a motion addressed to the pleadings, and the law, to that extent, was held to be valid (225 App. Div. 869). There was left open, however, the question of the constitutionality of that part of the law which provides for a penalty.

Section 343-w, as enacted in 1927, provides as follows: " Penalty tax. When a permanent injunction issues, against any person for maintaining a nuisance as herein defined, or against any owner or agent of the building kept or used for the purpose prohibited by this chapter, or against the place as a nuisance, there shall be imposed upon said building and the ground upon which the same is located and against the person or persons maintaining said nuisance and the owner or agent of said premises, a tax of three hundred dollars which shall be known as a ' penalty tax.' The imposing of said tax shall be made by the court as a part of the judgment." Section 343-w, as amended in 1929, reads as follows: " Penalty. Where in such action a judgment is granted determining the existence of such nuisance, such judgment shall impose a penalty of three hundred dollars against the defendants found to be maintaining such nuisance, including the owner of the premises affected by the action."

In my opinion, this section, both as enacted in 1927 and as amended in 1929, is unconstitutional, and to that extent the judgment should be modified.

The learned district attorney, who is also the relator herein, relies

upon *Hodge* v. *Muscatine County* (196 U. S. 276). That case, together with its companion case, *Cook* v. *Marshall County* (196 U. S. 261), involved the constitutionality of section 5007 of the Iowa Code of 1897, imposing a tax of $300 per annum upon every person, and also upon the real property and the owner thereof. whereon cigarettes are sold or kept for sale. There was a further provision in the Iowa Code of 1897 (§ 5006) for the imposition of a fine and imprisonment for selling cigarettes, to which there is no counterpart in the New York law under consideration. The Supreme Court of the United States in upholding the constitutionality of the Iowa statute adopted the construction of the highest court of Iowa (121 Iowa, 482, 488, 489), which, in construing section 5007, held it to be "manifestly a tax upon the traffic which the Legislature saw fit to impose, not for the purpose of giving countenance to the business, but as a deterrent against engaging therein. * * * Indeed, we think it may be fairly said to be a tax upon the business. That. a tax is imposed for the double purpose of regulation and revenue is no reason for declaiming it invalid. * * * Being a tax, it was competent for the Legislature to prescribe the proceedings and processes for its collection." In the present case the act provides for the method of collection (§§ 343-x, 343-y) and the application of the penalty (§ 343-z). In the application of the penalty, the remainder after the payment of any deficiency in the costs of the action and certain other specified items, "shall be distributed in the same manner as fines collected for the keeping of houses of prostitution." A specified percentage thereof shall be paid to the attorney representing the plaintiff in the action at the time of final judgment. Surely this cannot be deemed a tax for revenue. The nature of the offense is repugnant to any such thought, and the ultimate application of the proceeds stamps it as a penalty and not as a tax in any sense of the word. The distinction between a tax and a penalty was emphasized by the Supreme Court of the United States in *Lipke* v. *Lederer* (259 U. S. 557, 562). The function of a tax, it was said, "'is to provide for the support of the government.'" The function of a penalty "clearly involves the 'idea of punishment for infraction of the law.'" (*Regal Drug Co.* v. *Wardell*, 260 U. S. 386.) The infliction of a penalty is over and beyond the requirements of the law necessary to abate a nuisance, and to that extent the law is unconstitutional. (N. Y. Const. art. 1, §§ 2, 6; U. S. Const. 14th Amendt. § 1. See *Colon* v. *Lisk*, 153 N. Y. 188, 194.)

The judgment should, therefore, be modified by eliminating

therefrom the imposition of a tax of $300 upon the building described in the complaint and against defendant Caparbo, and as so modified affirmed, without costs.

LAZANSKY, P. J., and RICH, J., concur; YOUNG, J., dissents and votes for affirmance without modification; CARSWELL, J., concurs as to modification but dissents as to affirmance of the remainder of the judgment for the reasons stated in the dissenting opinion of SCUDDER, J., in *People ex rel. Lemon v. Elmore* (225 App. Div. 869, 870).

Judgment modified by eliminating therefrom the imposition of a tax of $300 upon the building described in the complaint and against defendant Caparbo, and as so modified affirmed, without costs. Conclusion of law numbered sixth is reversed.